### DE CARLO et al. v. SEARS, ROEBUCK & CO.
### Civ. No. 6855.

United States District Court
W. D. Pennsylvania.

July 9, 1951.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiffs.

Ernest C. Reif, (Dickie, McCamey, Chilcote, Reif & Robinson) of Pittsburgh, Pa., for defendant.

BURNS, District Judge.

The complaint alleged that an employee of defendant negligently wrenched a shoe off the foot of plaintiff Mrs. DeCarlo, with the result that she incurred both lasting pain and substantial medical bills. A jury whose members were satisfactory to counsel for both sides was impanelled, heard the testimony, and decided in favor of defendant. There was no indication that any of the jury which heard the case was contacted personally before trial.

The instant motion for a new trial, filed by counsel other than those who represented plaintiffs at the trial, seeks to raise the issue whether a jury panel becomes fatally defective if a private investigation agency collects information about the jurors by contacting "friends, neighbors, and relatives" of the jurors. The virtue of such investigations need not concern us. It is sufficient that here absolutely no showing was made that any juror even knew of such an investigation, much less that such knowledge would have affected in any way his impartiality in this case.

The allegations of plaintiffs were given full hearing and, even though the evidence favoring plaintiffs was frail, this Court permitted the jury to reach its own conclusion as to the factual issues involved. I am satisfied that plaintiffs had their day in court, and that no useful purpose could be served by taking testimony concerning jury investigations or hearing oral argument in a case where I believe justice was done.