## DOW v. CARNEGIE–ILLINOIS STEEL CORP.

### Civ. A. No. 5153.

United States District Court
W. D. Pennsylvania.

Sept. 19, 1951.

See also, D.C., 100 F.Supp. 494.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Ira R. Hill (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., for defendant.

BURNS, District Judge.

The instant motion for a new trial asserts four principal grounds, each of which will be considered briefly.

First, plaintiff contends that the manner of selection of the jury panel constitutes prejudicial error. I concur in full in the statements and conclusions of Judge Gourley, whose opinion disposing of that assignment of error is being filed contemporaneously with this opinion. D.C., 100 F.Supp. 494. I am personally satisfied that the jury which heard this case not only met all legal requirements but also was fair and competent. It might not be inapposite to note that, of the last five jury cases sounding in trespass over which I have presided in Pittsburgh, the plaintiffs have won substantial verdicts in four. The fifth, De-Carlo v. Sears Roebuck & Co., D.C.W.D. Pa., 98 F.Supp. 608, demonstrates that the same jury panel also knew how to treat inherently improbable claims.

My opinion in the DeCarlo case disposes of the contention, made in the case at bar too by the same counsel, that the use of trial investigation lists invalidates this

trial. In the absence of any indication that any of the jurors who sat on this case were directly contacted, I can see no basis for complaint.

 Second, plaintiff denies that there was evidence of contributory negligence and criticizes the charge to the jury on that subject. Analysis of this objection, however, reveals that prejudicial error could not have arisen on that score; for the jury was clearly given to understand that a finding that defendant was negligent was prerequisite, and the only prerequisite, to recovery of damages. Contributory negligence in this case could only have affected the amount of money awarded plaintiff. The jury verdict here is equivalent to a specific finding that plaintiff had not proved negligence of defendant by a preponderance of the evidence. In this connection, it is pertinent to recall that plaintiff introduced much the same evidence at a former trial of this case, that Chief Judge Biggs of the United States Court of Appeals for the Third Circuit characterized the evidence supporting plaintiff's allegations as "slight", Dow v. Carnegie-Illinois Steel Corp., 3 Cir., 1948, 165 F.2d 777, 778, and that the jury verdict in favor of defendant in that trial was set aside only because of the admission of testimony of a prejudicial nature. I think the evidence of negligence which was presented at the trial here in question was frail indeed; and I believe the jury followed its instructions that, "If you find that the proximate cause of the illness and death of Mr. Dow was not owing to want of due care by the defendant, then your verdict must be in favor of the Carnegie-Illinois Steel Corporation, and there is nothing further for you to decide." As to whether or not contributory negligence was properly brought to the attention of the jury, I believe McLeod v. Union Barge Line Co., D.C.W.D.Pa., 1951, 95 F.Supp. 366, 370, affirmed 3 Cir., 1951, 189 F.2d 610 is persuasive.

 Third, plaintiff assigns as error the failure to grant several of plaintiff's nineteen requests for instructions. Without examining these in detail, I might summarize the points as either inducing comment on the evidence or unduly emphasizing certain ideas at the expense of others. Before it retired to consider a verdict, this jury had an ample background of facts from which it could determine whether or not defendant exercised the degree of care to be expected under all the circumstances. In my opinion, the charge given provided a suitable guide for the jury deliberations without the distracting effect which the requested instructions would have been likely to produce.

 Finally, plaintiff finds prejudicial error in that portion of the charge which relates to causation. Although the Court invited plaintiff's counsel to "Take specific exceptions" at the close of the charge, plaintiff's counsel did not elaborate on his earlier remark that the Court had been "too narrow in its interpretation" of proximate cause. Such exception appears to me to have been inadequate to meet the requirements set forth in Dostal v. Baltimore & O. R. Co., 3 Cir., 1951, 189 F.2d 352, 356. In any event, I believe that, if error there was, such error was harmless. Plaintiff's difficulty, as two extensive jury trials have demonstrated, is her inability to meet her burden of proving that defendant failed to meet its duty of care toward her husband.