## DOW v. CARNEGIE–ILLINOIS STEEL CORP.

### Civ. A. No. 5153.

United States District Court
W. D. Pennsylvania.

Sept. 20, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Ira R. Hill, of Reed, Smith, Shaw, & McClay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter relates to a motion which challenges the array of jurors and to strike the panel of jurors.

In the administration of the affairs of this Court a master calendar is supervised by the Chief Judge. When the above entitled civil action was called for trial and before the selection of the jury, said motions were presented and refused. Counsel for the plaintiff presented the same motions to the trial judge who recognized the order previously entered and required that the case proceed to trial.

Verdict was returned by the jury in favor of the defendant and the motion for new trial filed by the plaintiff has been refused by the trial judge. 100 F.Supp. 493. Since the plaintiff contended in his motion for a new trial that the denial of said motions was prejudicial error and in order that the basis for the denial of said motions will appear of record, this opinion is filed contemporaneously with that of my associate who administered said trial. The motion to strike the panel of jurors is as follows:

"And now comes the plaintiff by her attorney and respectfully moves the Court to strike the entire jury panel and presents this challenge to the array of jurors and in support thereof, assigns the following reasons:

"1. The method and procedure of selecting trial jurors in this Court does not comply with the law.

"2. The method and procedure of selecting and qualifying trial jurors is not in conformity with the decisions of the Supreme Court.

"3. The panel of jurors and their method of selection indicates that they are not representative of the community nor do they constitute a cross-section thereof.

"4. The jurors have been selected in a discriminatory, unfair and partial manner and excludes either deliberately or by necessary implication important elements of the community such as naturalized foreign born citizens, Negroes, veterans, labor people and many others."

The Court is fully informed as to the manner and method which is used by the United States Jury Commissioner and the Clerk of Courts to secure individuals for jury service in this district. The names of persons for jury service are secured by the Jury Commissioner and the Clerk of Courts, independent of each other, from the following sources:

(a) Names suggested by the members of this Court.

(b) Names presented by members of the various state and county courts in this district.

(c) Names presented by United States government and state employees.

(d) Names secured from reliable persons in the various counties of the district, who are identified as informants.

(e) Names selected from telephone directories in the district.

(f) Names of individuals personally known by the Jury Commissioner and Clerk of Courts.

After the names are submitted to the Jury Commissioner and Clerk of Courts, a questionnaire is sent to each individual applicant and after the return thereof, it is determined by them, independent of each other, if the individual is qualified for jury service.

The methods employed have been directed toward the objective of obtaining a representative and geographical cross-section of citizens in the Western District of Pennsylvania.

Petitioner contends that jurors have been selected in a discriminatory, unfair and partial manner, excluding either deliberately or by necessary implication important elements of the community such as naturalized foreign born citizens, Negroes, veterans, labor people and many others.

■ Whether there has been systematic discrimination by administrative officials in the selection of jurors is a question to be determined from the facts in each particular case. Patton v. Mississippi, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76.

■ The immediate issue raised is whether there exists a discrimination of an unconstitutional kind. The burden of proving it purposeful and intentional is on the petitioner. It is fundamental in questioning the composition of a jury that a mere

showing that a class was not represented in a particular jury is not enough; there must be a showing that its absence was caused by discrimination. Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043.

■ For a jury panel to be invalid because of discrimination, there must be clear evidence of intent on part of the Jury Commissioner or Clerk, or both, to exclude, or to use a system of selection which is intended by them to result in exclusion of any person or group of persons from being called for jury service solely because of their economic status, occupation, race, sex, religion, social affiliation, or lack of it, political affiliation, or location of their homes geographically in the community. United States v. Local 36 of Int. Fishermen & Allied Workers, et al., D.C., 70 F.Supp. 782.

■ At the time that the jury wheel was filled for the term of court in question, there were 520 names in said wheel. The Court will take judicial knowledge of the records in the office of the Jury Commissioner and the Clerk of Courts, and in addition thereto has reviewed each of the 520 questionnaires.

In order to reach a proper determination as to whether there has been a systematic discrimination in the selection of individuals whose names are placed in the jury wheel, I believe that consideration should not only be given the occupation of each person whose name is in the jury wheel but also the occupation of the husband or wife of each member. Having this in mind, the questionnaires revealed the following:

| | |
|---|---|
| 336 Housewives | 2 Barbers |
| 53 Clerks | 2 Chemists |
| 23 Farmers | 1 Packer |
| 2 Physicians | 2 Draftsmen |
| 25 Teachers | 2 Inspectors |
| 1 Librarian | 2 Revenue Agents |
| 1 Shovel Operator | 2 Newspapermen |
| 11 Machinists | 5 Pipe Fitters |
| 7 Mechanics | 3 Electricians |
| 3 Mail Carriers | 9 Nurses |
| 30 Laborers | 2 Attorneys |
| 11 Miners | 3 Pharmacists |
| 1 Dentist | 2 Jury Commissioners |
| 3 Policemen | 2 Statisticians |
| 3 Bankers | 1 Pattern Maker |
| 1 Moulder | 1 Contractor |
| 1 Waitress | 4 Cooks |
| 1 Plumber | 1 Matron |

| | |
|---|---|
| 3 Morticians | 2 Telegraph Operators |
| 1 Steel Fabricator | 3 Students |
| 3 Street Car Operators | 1 Dispatcher |
| 1 Crane Operator | 1 Bricklayer |
| 14 Managers | 2 Bailiffs |
| 8 Superintendents | 2 Postmasters |
| 26 Merchants | 1 Elevator Operator |
| 23 Salesmen | 2 Presidents of Colleges |
| 7 Maintenancemen | 1 Printer |
| 1 Decorator | 1 Watchmaker |
| 3 Conductors | 3 Truck Drivers |
| 20 Foremen | 1 Baggage Man |
| 4 Expeditors | 1 Artist |
| 18 Engineers | 1 Constable |
| 4 Repairmen | 1 Blacksmith |
| 7 Cashiers | 6 Trimmers |
| 3 Firemen | 2 Seamstresses |
| 1 Postmaster | 1 Butcher |
| 4 Ministers | 1 Hostess |
| 6 Carpenters | 1 Driller |
| 19 Accountants | 1 Register of Wills |
| 1 Waiter | 1 Telephone Installer |
| 5 School Principals | 1 Lens grinder |
| 1 X-ray Technician | |

An inspection of the array of jurors indicates that seven Negroes were included. No scintilla of evidence exists to indicate any intentional or deliberate exclusion of Negroes. See Moore v. New York, 333 U.S. 565, 68 S.Ct. 705, 92 L.Ed. 881.

A further inspection of the array of jurors indicates that their are 205 female and 315 male members.

Also, 11 naturalized citizens were in the array.

A breakdown of the 520 names in the jury wheel into occupational and economic groups establishes an estimable, diversified and heterogeneous combination which meets the qualifications imposed by Federal and State law. 28 U.S.C.A. § 1862; 17 Pennsylvania Purdon's Statutes, § 1333.

■ The law does not create any special method of selection and leaves the manner of securing names completely to the discretion of the Jury Commissioner and Clerk. Walker v. United States, 8 Cir., 93 F.2d 383, certiorari denied 303 U.S. 644, 58 S.Ct. 642, 82 L.Ed. 1103.

■ The use of telephone directories could not be deemed improper when such directories were compiled without reference to race, religion, social status, occupation, political affiliation or geographical location. United States v. Local 36 of Int. Fishermen & Allied Workers, et al., supra.

It is interesting to note that a breakdown of the challenged jury panel into occupa-

tional and economic groups revealed the following:

| | |
|---|---|
| 2 Seamstresses | 5 Clerks |
| 2 Accountants | 1 Industrial Timekeeper |
| 3 Nurses | 1 Steel Expediter |
| 1 Insurance Agent | 5 Trainmen |
| 1 Carpenter | 1 Policeman |
| 1 Street Car Operator | 1 Hostess |
| 1 Register of Wills | 4 Merchants |
| 1 Butcher | 1 College President |
| 1 Paymaster | 1 X-ray Technician |
| 1 Telegraph Operator | 1 Mechanic |
| 1 Laborer | 1 Pipefitter |
| 1 Painter | 9 School Teachers |
| 2 Managers | 2 Coal Miners |
| 2 Farmers | 1 Lens Grinder |
| 1 Inspector | 1 Cook |
| 1 Draftsman | 1 Attorney |
| 6 Salesmen | 1 Minister |
| 2 Superintendents | 66 Housewives |

 The petitioner appears to feel that different elements of the population must be represented in proportion to their numbers with calculated exactness. Proportional representation of differing groups is not required. Thiel v. Southern Pac. Co., 9 Cir., 149 F.2d 783.

It is an unfortunate fallacy of the petitioner arbitrarily to associate a fair jury determination with ethnic and economic groups. Such reasoning contradicts the basic American philosophy of the unity and cohesiveness of our social structure. Ours is not a class system or a racial system.

This Court further notes that the array is reasonably mobile. The Commissioner does not make a practice of repeating the same jurors frequently, and thereby avoids the danger of retaining "professional" jurors who become overly familiar with personalities and cases. Of the 520 jurors on the challenged array, the number of times that each had served upon federal panels is as follows: 381 had never served before, 55 served once previously; 45 served twice previously; 24 served three times previously; 8 served four times previously, and two served five times previously.

The making of a jury list is not a judicial act. The manner of securing names for the jury lists is for the Jury Commissioner and the Clerk to determine. Walker v. United States, supra. This duty is non-delegable and no other person has a right to participate in such selection.

This Court has only the power to sit in review of their acts and conduct. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

It is my conclusion, in the exercise of that power of review, that the Jury Commissioner or the Clerk did not show any bias or prejudice in the selection of names or sources of names of prospective jurors; that neither of them systematically or intentionally or arbitrarily excluded any person or persons, or groups or classes of persons, either on account or because of economic status, occupation, race, religion, sex, social connections, geographic location or political affiliations; nor does the system and method or process used by them now, or for the 1950 array of jurors or the jury panel, result in such exclusion.

Motion to challenge the array of jurors and to strike the jury panel is denied.

An appropriate order is entered.