**DOW v. CARNEGIE–ILLINOIS STEEL CORP.**

Civ. No. 5153.

United States District Court
W. D. Pennsylvania.

Oct. 22, 1952.

Hymen Schlesinger, Pittsburgh, for plaintiff.

Ira R. Hill (of Reed, Smith, Shaw & McClay), Pittsburgh, for defendant.

BURNS, District Judge.

Pursuant to instructions contained in the opinion filed by the United States Court of Appeals for the Third Circuit, Dow v. U. S. Steel Corp., 1952, 195 F.2d 478, this Court has held a hearing upon the plaintiff's objections to the selection of jurors and the alleged intimidation of those jurors. On September 22, 1952, this Court advised counsel for both sides that this hearing would be held during the current jury trial term, so that counsel for plaintiff in particular would have the opportunity to utilize the jury panel to the extent deemed necessary for the presentation of his position.

On October 10, 1952, Judge William Alvah Stewart of this Court filed a

comprehensive opinion in the case of the United States v. Mesarosh, D.C., 13 F. R.D. 180, in the course of which opinion he discussed at some length the contention of the defendants in that case that the manner of selection of jurors in this Court was improper. Counsel for plaintiff in the case at bar has stated to this Court that he is content to rest upon the record of United States v. Mesarosh. In accordance with the principle endorsed by the United States Court of Appeals for the Third Circuit in Price v. Greenway, 1948, 167 F.2d 196, 197, at pages 199 and 200, that "Judges of co-ordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other"; and since the testimony which counsel for plaintiff was prepared to present in this case was the same in all respects as that offered in the case of United States v. Mesarosh, this Court adheres to the conclusion so well expressed by Judge Stewart in his opinion finding the motion to be without merit.

██ As to the second question—the alleged intimidation of jurors—the evidence offered by counsel for plaintiff was totally inadequate. The testimony reveals that the "investigation" of which plaintiff complains is one conducted almost entirely by telephone; that the prospective jurors are themselves never personally contacted; that the lists are nothing more nor less than a compendium of the reputation of the prospective jurors among some of their neighbors; that the lists are furnished to attorneys alone, and then only at the time of trial; and that the person compiling the lists makes no attempt to interpose his own recommendations or conclusions in any way. It may not be inappropriate to note that counsel for plaintiff himself has had occasion to purchase at least one of these lists in the past, although he stated to the Court that he no longer does so.

Plaintiff had ample opportunity to subpoena any and all of the jurors of the panel which sat when trial of this case was had. In addition, counsel for plaintiff was specifically accorded the opportunity to call any or all of the jurors comprising the panel which is now sitting. In his supplemental motion to strike the panel of jurors *sub judice*, counsel for plaintiff had alleged that "some of the members of the jury panel have been under surveillance and investigation by unauthorized persons * * *". The connotation of "surveillance", as given in Webster's New International Dictionary, Second Edition, Unabridged, is "close, sometimes spying, watch". Counsel for plaintiff has completely failed to show any type of "surveillance" of any juror, much less that, as a result thereof, there has been intimidation of jurors. It is the opinion of this Court that the innocuous type of "investigation" which the testimony discloses to have been regularly conducted in this case falls far below the objectionable standard which counsel for plaintiff must meet to show prejudice to his client.