SANDERS et al. v. GLENSHAW GLASS CO., Inc.

Civ. A. No. 8096.

United States District Court
W. D. Pennsylvania.

Nov. 3, 1952.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiffs.

Wm. A. Challener, Jr., Pittsburgh, Pa., James J. McDermott, Jr., New York City, and D. H. McConnell, Pittsburgh, Pa., of counsel, for defendant.

MARSH, District Judge.

On October 8, 1947, a glass bottle containing carbonated beverage exploded and a small piece of the glass struck the minor plaintiff in the left eye. As a result, the eye was subsequently removed. The bottle was one of a number which had been manufactured by the defendant company at its plant in Allegheny County, Pennsylvania. The bottles had been sold and transported to a bottler at Revere, Massachusetts, who had filled them with carbonated beverages under pressure, placed them in cases and delivered the cases by truck to the basement of Paul Revere School in Revere. About 9:00 o'clock in the morning, two boys carried about four or five cases to a cafeteria also located in the school, and placed the bottles in a cooler. Chunks of ice were placed on and around the bottles. The minor plaintiff, then about eleven years of age, was helping to serve behind the counter of the cafeteria. Shortly after 12:00 o'clock noon a customer ordered a certain flavor of the beverage from the minor plaintiff. It was disputed whether the bottle exploded after plaintiff lifted the top of the cooler and before she touched any of the contents therein, or at the time she replaced a bottle in the cooler after it had been rejected by the customer.[1]

---

1. One of the plaintiffs' witnesses stated extrajudicially that the child "tossed" the rejected bottle into the cooler. Another said it "slipped" out of her hand and fell on the bottles and ice in the cooler. Whether or not this testimony was substantive was a serious question. The court charged that these statements were not to be regarded as substantive evidence, notwithstanding we think there was sufficient other evidence of this nature which required the submission of the question of contributory negligence to the jury.

One of plaintiffs' witnesses qualified as a glass fracture expert particularly in diagnosing the cause of broken bottles. He denied that he was an expert in the manufacture of glass. He did not diagnose the fragment of the broken bottle introduced in evidence, but undertook to say that in his opinion the bottle broke due to a defect therein which was the result of the manufacturing process. He also stated that the inspection of the bottles by defendant was not up to standard, but he completely contradicted this statement on cross-examination. He assumed that there was a defect in the glass bottle and that the defect could have been a number of things. He asserted that the explosion could not have been due to overcharging or thermal shock. He said that the explosion could have been due to internal pressure "provided there was a thin wall or something of that nature." He agreed that the pressure in the bottle would be reduced after being cooled in the ice box for two or three hours, and admitted that a bottle which is going to explode for any reason at all will do so when the pressure is high rather than when the pressure is low. He stated that he could not say how long the bottle defects existed before the accident. He could not say what the cause of the explosion was, but it was his opinion generally that if the bottle had been handled, bottled and transported carefully since it left the factory until it came to rest in the ice cooler, the explosion could only result from a defect in the manufacturing process or negligent inspection. All of the persons who handled these bottles after they left the factory were not called as witnesses; those who were called indicated they handled the bottles carefully and the expert assumed that the exploded bottle was handled carefully.

This testimony was the only direct evidence of negligence on the part of the defendant and it was submitted to the jury over the defendant's strenuous objection. Its admissibility is subject to serious doubt as it appears to be an opinion of a fracture expert which was not based upon his special knowledge and study of the subject of fractures. A lay witness, if permitted, could have given the same opinion to the jury, as it would be a matter of ordinary observation that if a bottle were handled carefully from the time it was made until it exploded under ordinary pressure in an ice cooler, there would be a defect in the glass, and it would not require a fracture expert or any other kind of expert to draw this conclusion.

■ An examination of plaintiffs' evidence in our view of the requirements of the law of Massachusetts [2] leads us to the conclusion that a case of negligence was not made out against the defendant, and that the motion of the latter for a directed verdict should have been granted. In a similar action in Massachusetts against a bottler the court stated: "Other than the 'explosion' there was no evidence that would warrant the jury finding that the bottle in question was not properly constructed * * *." Judgment was directed for the defendant: Ruffin v. Coca-Cola Bottling Co., 1942, 311 Mass. 514, 42 N.E.2d 259, 260. See also Shearman and Redfield on Negligence, Vol. 1, § 46.

But assuming that there was sufficient evidence of negligence to take the case to the jury, that body found the facts in favor of the defendant and agreed with the opinion of its fracture experts that the cause of the explosion was an impact or impacts on the neck of the bottle, and that it did not explode due to a defect resulting from negligence in its construction or inspection.

Plaintiffs have assigned thirty reasons for a new trial. Reasons 5 to 13, both inclusive, assert that the charge of the court was prejudicial and erroneous. We have

---

**2.** Since the accident happened in Massachusetts, the law of that state applies. See Restatement of the Law of Conflict of Laws, § 379; Diesbourg v. Hazel-Atlas Glass Co., 3 Cir., 1949, 176 F.2d 410; Goodwin v. Townsend, 3 Cir., 1952, 197 F.2d 970.

In Massachusetts liability may be imposed against a negligent manufacturer in favor of a person in absence of contractual relations between them: Carter v. Yardley & Co., 1946, 319 Mass. 92, 64 N.E.2d 693, 164 A.L.R. 559.

examined each of these reasons, but believe the charge substantially outlines the law as it relates to the several issues of fact presented in this case. It is true that the language in the charge differs somewhat from that which plaintiffs assert should have been used, but the purport and effect thereof was substantially the same. Plaintiffs' nine Requests for Instructions were presented to the court after the charge was prepared and it seemed then as it does now that all of them were substantially covered.

Among the other reasons assigned by counsel for the plaintiffs was his complaint that the jury panel did not represent a cross-section of the community which fact deprived plaintiffs of a fair trial. Plaintiffs did not challenge the array of jurors or move to strike the panel prior to or during the trial. We think the challenge by plaintiffs' counsel after an adverse verdict is too late. Cf. Frazier v. United States, 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187; Carruthers v. Reed, 8 Cir., 1939, 102 F.2d 933; United States v. Brookman, D.C.D.Minn.1924, 1 F.2d 528.

In Dow v. United States Steel Corp., 3 Cir., 1952, 195 F.2d 478, where similar charges were made by the same counsel, the motions were made prior to trial at the call of the civil list, and were again pressed later to the trial judge before trial: 100 F.Supp. 494. Moreover, on October 10, 1952, Judge William Alvah Stewart, of this Court, in United States v. Mesarosh, D.C. W.D.Pa.1952, 13 F.R.D. 180, after a full hearing, held that the manner of selection of jurors in this district was proper.[3] We incorporate herein the findings and conclusions of the learned Judge in that proceeding.

Plaintiffs' counsel also charges that the jury was improperly investigated by unauthorized persons prior to the trial, which investigation resulted in a compilation of information concerning each juror. He averred that such a list was bought and sold in the corridors of this courthouse and may have been used by defendant's counsel in the selection of the jury. He states that this investigation "constitutes an interference with the free, objective and calm consideration of the issues of fact and law in this case by the jury and deprived the plaintiffs of a fair trial. * * *"

This matter likewise was not called to the attention of the court prior to or during the trial. There was no suggestion made then or before the panel was discharged from further service that any juror impaneled in the case knew that he or she had been investigated, if such were the fact, nor did it appear at the trial that counsel for defendant had purchased the alleged list.[4] But notwithstanding, the same type of investigation and list was objected to by the same counsel in the Dow case cited supra, 100 F.Supp. 494, before trial, and after a full hearing conducted by Judge Owen MacIntosh Burns, on October 22, 1952 our late and lamented associate held that "the investigation" of which counsel complained was innocuous and was not prejudicial. We see no necessity of duplicating such a hearing in this case, and therefore incorporate his findings and conclusions in this opinion. Dow v. Carnegie-Illinois Steel Corp., D.C.W.D. Pa.1952, 108 F.Supp. 88.

In the 28th and 30th reasons plaintiffs complain of the admissions in evidence of the testimony of defendant's fracture experts and the exhibits which they used to explain their opinions. We find no merit in these reasons. "The use of expert witnesses in the trials of cases has long been recognized and the area of their testimonial service is being constantly extended. * * * 'Their proper office is to instruct the court and jury in matters so far removed from the ordinary pursuits of life, that accurate knowledge of them can only be acquired by continued study and experience; the purpose is to enable both court and jury to judge intelligently of the

3. See also Dow v. Carnegie-Illinois Steel Corp., D.C.W.D.Pa., 1952, 108 F.Supp. 88.

4. In Hawn v. Pope & Talbot, Inc., 3 Cir., 1952, 198 F.2d 800, the matter of a jury investigation was raised during the trial and the judge was able to ascertain then whether any harm was done.

force and application of the facts introduced in evidence, as they would have been able to do if they had been persons properly instructed upon the subjects involved. Expert testimony, owing perhaps to the greater extent of recent scientific research, is much more frequently resorted to than formerly.'" Commonwealth v. Fugmann, 1938, 330 Pa. 4, 25, 198 A. 99, 110.

Without the illustrative use of the fractured bottles and the other exhibits the experts could hardly have hoped to make clear to the jury the reasons for their conclusions. The physical exhibits were a necessary part of the "reasoning, analysis, and investigation," by which they arrived at their opinions. Without these exhibits to compare and consider we are persuaded the jury could not have understood the opinions of the experts. See Hagan v. Carr, 1901, 198 Pa. 606, 48 A. 688; Hoffman v. Bloomsburg & S. R. Co., 1891, 143 Pa. 503, 22 A. 823. See also cases cited from other jurisdictions in Kohlhagen v. Cardwell, 93 Or. 610, 184 P. 261, 8 A.L.R. 18, State of Missouri v. Allison, 330 Mo. 773, 51 S.W.2d 51, 85 A.L.R. 479.

Plaintiffs also assigned the verdict of the jury as error. The verdict returned by the jury stated as follows:

"And now, to wit: April 29, 1952, we, the Jurors empaneled in the above-entitled case, find The defendant, The Glenshaw Glass Co. Inc not guilty, but believe evidence has been produced which points to negligence on the part of person or persons not named in this civil action #8096"

This verdict indicates very plainly that the jury found the facts in favor of the defendant. Whatever else was said in the verdict is surplusage. Standard Pennsyl-

vania Practice, Vol. 6, page 208, § 50; Smullin v. Harenski, 1932, 106 Pa.Super. 453, 162 A. 319. For what the observation of the jury is worth, however, in our opinion, they not only found that defendant was not negligent but that the minor plaintiff, a person *named* in this civil action, was also not contributorily negligent. Thus, if it was error to charge on the subject of contributory negligence, as plaintiffs contend,[5] no harm was done.

The quantum of circumstantial evidence pointing to negligence on the part of defendant or on the part of the minor plaintiff was certainly no greater than that pointing to other persons who handled the bottle after it left the control of the defendant.

In the remaining reasons assigned, we fail to find prejudicial error and we think it would not be of any material benefit to set out at length our reasons.

The motion for a new trial will be denied.

5. It is also apposite to note that plaintiffs did not specifically object to the charge on contributory negligence as required by Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. In fact, after the charge counsel engaged in a lengthy discussion on the question of whether the extrajudicial statements mentioned in footnote 1, supra, were substantive evidence and counsel for plaintiffs was willing to permit the jury to pass upon it as such. Although the court did not change its charge, which operated to plaintiffs' advantage, we believe that counsel's statements constituted a waiver of the fact that defendant failed to affirmatively plead contributory negligence. See Moore's Federal Practice, Vol. 2, pages 1695, 1696.