**HAYWOOD v. JONES & LAUGHLIN STEEL CORP.**

**Civ. No. 7657.**

United States District Court
W. D. Pennsylvania.

Dec. 1, 1952.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Chauncey E. Pruger, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This proceeding relates to a claim for damages under the Jones Act based on negligence and the maritime and admiralty law based on the doctrine of unseaworthiness. 46 U.S.C.A. § 688.

The case was administered by jury trial. The verdict was found in favor of defendant.

Motion for a new trial has been filed by the plaintiff. It is contended:

(a) The verdict is against the evidence. and the weight of the evidence.

(b) The Court erred in instructing the jury on the subject of contributory negligence.

(c) The Court erred in refusing to admit evidence and permit plaintiff to testify on the subject of how barge rails became loose or broken at other times.

(d) The Court erred in permitting the jury to entertain testimony of two defendant witnesses who had prior to trial issued contradictory statements.

(e) The trial jurors and the panel were improperly chosen, not being representatives of a cross-section of the community, and having been subjected to improper "surveillance" and intimidation.

The plaintiff was employed as a seaman in the capacity of a deckhand aboard defendant's steamer, "Sailor". On October 1, 1946, plaintiff was engaged in the performance of his duties aboard the vessel while the same was in navigation on the Ohio River at Aliquippa, Pennsylvania. Plaintiff, at the time, was swinging a line preparatory to taking it off the boat when he was suddenly caused to fall into the barge on which he was stationed, injuring his left shoulder.

Plaintiff's primary contention of negligence lay in his allegation that the barge rail broke off as he wedged his foot against it for support, while defendant alleged that plaintiff lost his balance and fell.

There was ample evidence in this case to justify the jury in its finding in favor of the defendant. It is my duty to recognize that a court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. Co., 3 Cir., 182 F.2d 793. Furthermore, in a motion for a new trial I must assume that the jury has followed the instructions of the court. Boice v. Bradley, D. C., 92 F.Supp. 750, 751.

The charge with respect to contributory negligence is objected to on the ground that no such issue was involved in the case.

Under the general maritime law and the Jones Act, the doctrine of comparative negligence is not a bar to recovery but it can be invoked for the purpose of mitigating damages. Stark v. American Dredging Co., D. C., 66 F.Supp. 296; The Max Morris, 137 U.S. 1, 11 S.Ct. 29, 34 L.Ed. 586; American Stevedores, Inc., v. Porello, 330 U.S. 446, 458, 67 S.Ct. 847, 91 L.Ed. 1011; McGhee v. United States, 2 Cir., 165 F.2d 287.

The Court placed special emphasis upon the fact that the applicability of the rule relating to contributory negligence was solely for the determination of the jury, and that contributory negligence, if it existed, did not bar the right of the plaintiff to recover either under the Jones Act, based on negligence, or under the Admiralty law, based on the doctrine of unseaworthiness. That it should be considered, if at all, only by way of diminishing damages in proportion to the amount of negligence which would be found attributable to the employee.

I believe that the contributory negligence of the plaintiff was a matter which was proper for the consideration of the jury and it was, therefore, obligatory for the court to charge.

The complaint of the plaintiff as to the charge of the court on contributory negligence is without merit. Pierro v. Carnegie-Illinois Steel Corp., 3 Cir., 186 F.2d 75.

Plaintiff's contention that the Court erred in refusing to admit evidence on the subject of how barge rails became loose or broken appears highly spurious and unsound. The tendency of rails to break, it would seem to this court, is a subject far afield and irrelevant to a determination of whether the rail in question actually did break. Assuming, however, that the Court was in error in refusing to admit such collateral testimony, the plaintiff, himself, testified that the rail in question did break and gave way; so that the exclusion of the sought-after generalized testimony of the tendency of rails to break, in no way could have been prejudicial to plaintiff's case.

The Court is asked to set aside this verdict because the jury was permitted to weigh the testimony of two defendant witnesses who had, prior to trial, issued statements in contradiction to their testimony.

[8] It is my judgment that the veracity of the testimony of any witness is squarely for the jury's determination. Any inconsistent writings or utterances were introduced in evidence or testified to in rebuttal, and the jury was free to weigh all these elements in their deliberations.

The choice of conflicting versions of the way the accident happened, the decision as to which witness was telling the truth, the inferences to be drawn from uncontraverted as well as contraverted facts, are questions for the jury. Tennant v. Peoria & P. U. R. Co., supra.

Finally, plaintiff challenges the array of the jurors on the thesis that important elements of the community such as naturalized foreign born citizens, negroes, veterans, labor people and others are deliberately excluded, and that jurors were subjected to improper investigation.

In order to appreciate the circumstances and timing of this objection, it is necessary to be acquainted with preliminary matters relating to the selection of this jury.

Prior to the time that this proceeding was scheduled for trial, the Court had entertained a motion by plaintiff's counsel to strike the jury panel in the case of Dow, Adm'x. v. United States Steel Corp., 3 Cir., 195 F.2d 478. The Court had conducted an exhaustive analysis of the jury panel and had prepared its opinion denying said motion. At the time that the present proceeding had arisen for trial, an appeal on the Dow case was pending before the Third Circuit Court of Appeals. Since the determination of the Court of Appeals would necessarily affect any verdict of the jury panel in question where a challenge to its array had been lodged, my administrative assistant advised plaintiff's counsel that should he desire to challenge the jury panel in the proceeding then arising, that the Court, as a matter of practical necessity, would be required to continue the case pending the determination of the United States Court of Appeals to the challenge of the jury panel in the Dow case. Accordingly, plaintiff's counsel agreed to proceed without any such challenge.

Furthermore, it is important to note that for many years the accustomed procedure for the interrogation of prospective jurors in the Western District has involved interrogation of such persons by the Clerk of Courts or his assistant, in the presence of opposing counsel. Despite such long established procedure, plaintiff's counsel demanded the privilege of conducting his own examination. In order to eliminate any possible confusion, the Court, on its own initiative, adopted the most unusual and unprecedented method in this district of conducting its own interrogation in open court. Upon the conclusion of its interrogation, having in mind the discussion which had previously ensued between plaintiff's counsel and the court's Administrative Assistant, the Court specifically asked plaintiff's counsel if he had anything else in mind, or wish to submit any further matters or objections, to which he categorically replied, "No."

Since the challenge to the array of jurors is presented after the verdict has been rendered, it is untimely and must be refused. Francis v. Southern Pacific Co., 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798.

[11]   Assuming that this Court were in error in its conclusions as to the untimeliness of plaintiff's challenge to the array of jurors, the substantive arguments presented in this respect have been reviewed in a most exhaustive and complete hearing before my late associate, Judge Owen M. Burns, who has ruled that counsel for plaintiff has completely failed to show any type of "surveillance" or intimidation of any juror.  Dow v. Carnegie-Illinois Steel Corp., D. C., 108 F.Supp. 88.

In addition, my associate, Judge William Alvah Stewart, filed a comprehensive opinion in the case of United States of America v. Mesarosh, D. C., 13 F.R.D. 180, wherein he recognized the propriety of the manner in which the challenged jury panel was selected, and was conclusively satisfied that said panel represented a cross-section of the community.

Finally, my associate, Judge Rabe F. Marsh, Jr., disposed of these complaints in Sanders v. Glenshaw Glass Company, Inc., D. C., 108 F.Supp. 528.

I am in complete accord with these determinations.

Motion for new trial is refused.

An appropriate Order is entered.