**BEISEL**

v.

**MONESSEN S. W. RY. CO.**
Civ. No. 10029.

United States District Court
W. D. Pennsylvania.
April 20, 1954.

election) now 8 U.S.C.A. § 1481(a) (3, 2, 5).

9. Cantoni v. Acheson, D.C.Cal.1950, 88 F. Supp. 576.

10. Kondo v. Acheson, D.C.Cal.1951, 98 F. Supp. 884.

Frederic G. Weir, and Thomas P. Shearer, of Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Gilbert Helwig, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Francis St. C. O'Leary, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this case the plaintiff originally grounded his claim for damages on negligence and a violation of the Safety Appliance Acts, 45 U.S.C.A. § 1 et seq., by averring that a hand brake on a dump car belonging to defendant was defective. Section 11, 45 U.S.C.A. At pretrial the defendant claimed another violation of the Safety Appliance Acts [1] in that five or six dump cars in the operation involved were not equipped with air power. Sections 1, 8, 45 U.S.C.A. An amendment was made at pretrial averring that the defendant was negligent in that it was using on its line a train not properly equipped with air so that it was necessary for the plaintiff to apply a hand brake to help control the speed of the train.

The undisputed evidence, however, shows that the plaintiff was injured as he attempted to tighten a hand brake while the dump cars were at rest on a level strip of track at the top of a rather steep grade. He was setting the hand brake in preparation of a trip downgrade in order to help the engine check the speed of the train.

1. See Pretrial Order of January 7, 1954.

■ There were two principal factual questions for the jury to solve. The first was whether the hand brake was efficient and functioned properly at the time of the accident. The second was whether the lack of air brake power on these dump cars was a proximate cause contributing to the plaintiff's injuries. The plaintiff lost on both issues. In a special verdict the jury found that the brakes were efficient, and that the lack of air brake power on the dump cars was not a proximate cause of his injuries.[2] The evidence was ample to support both findings.

■ In his motion for a new trial plaintiff claimed that the court erred in failing to ask the jury to find whether the brake operated efficiently rather than whether the brake was efficient at the time of the plaintiff's injuries. The question which was framed for the jury followed the words of the statute, and the question as framed was considered without criticism by the Supreme Court in Myers v. Reading Co., 1947, 331 U.S. 477, 481, 67 S.Ct. 1334, 91 L.Ed. 1615. In the charge the jury was instructed as follows:

"If you find that as the Plaintiff attempted to tighten the hand brake it did not operate efficiently, in other words, that it slipped as the Plaintiff described, then as a matter of law there has been a violation of the Safety Appliance Acts, even though you find it operated efficiently immediately before and after the Plaintiff tried to tighten it."

It is presumed from this instruction that the jury found, as defendant contended and demonstrated, that the hand brake did not slip but functioned efficiently when plaintiff attempted to set it.

■ The plaintiff complains that it was error to admit the opinion testimony of defendant's witness Olander and to permit him to illustrate his testimony by means of a portion of a model hand brake. This testimony and demonstration no doubt contributed to the finding that the hand brake operated efficiently. Mr. Olander was an expert on the construction and operation of the type of hand brake involved; in fact, he was the inventor of the mechanism which is inside of the main housing of the brake, and helped design it. His testimony was to the effect that the brake could not have slipped in the manner described by the plaintiff at the time he was injured. We think the testimony and demonstrations were proper. See Sanders v. Glenshaw Glass Co., D.C.W. D.Pa.1952, 108 F.Supp. 528, at page 531, affirmed 3 Cir., 1953, 204 F.2d 436.

■ Both plaintiff and defendant assert that it was error to submit to the jury the question of whether or not the lack of air brake power on the dump cars was a proximate cause contributing to the plaintiff's injuries. The plaintiff does not brief the point. However, for a reason probably not intended by him, we think it was error to submit this question to the jury. It now seems clear that the evidence in the case would require a holding as a matter of law that there was no causal relation between the lack of air brake power and plaintiff's injuries, and, since the jury's finding is in harmony with this conclusion, the error was harmless. As stated, the car was stationary when plaintiff tightened the hand brake preparatory to going downgrade. The appropriate section of the Safety Appliance Act was designed to promote the safety of employees by

---

2. The jury also determined that plaintiff was engaged in a switching operation. The court thought (T. 378, 379, 389) that the jury should determine whether the operation in which the plaintiff was engaged at the time of his injury was a switching operation, as his original complaint shows, and as the defendant contended; or a train movement, as plaintiff alleged in an amendment made at the trial. See Philadelphia & R. Ry. Co. v. Bartsch, 3 Cir., 1925, 9 F.2d 858. In view of the factual findings, however, even if the rulings made in this connection were erroneous, they were harmless. Rule 61, 28 U.S.C.A. We think the reasons assigned appearing in plaintiff's Motion for New Trial at Nos. 3, 5, 6, 7, 10 and 11 fall in this class.

eliminating the hazards incident to using the hand brakes while the train was in motion, and to provide for more efficient control of moving trains. As the context of Section 1, 45 U.S.C.A. shows, the air brakes were intended to check the speed of a moving train. The fact that the stationary dump cars were not connected with the air power may have been a circumstance but certainly was not a cause of the plaintiff's injuries. See Restatement Torts, § 286, Illustration 5; Ennis v. Atkin, 1946, 354 Pa. 165, 47 A.2d 217.

■ The plaintiff also complains of the refusal to affirm the plaintiff's 4th point for charge. This point was neither briefed nor argued by the plaintiff. As we stated at the trial, we think it embodied a correct statement of the law, and was covered in the charge although not in the same form as presented by plaintiff.

An order will be entered refusing a new trial.

See also 74 S.Ct. 768.