John P. BEISEL, Appellant,

v.

MONESSEN SOUTHWESTERN RAIL-
WAY COMPANY, a Corporation.

No. 11357.

United States Court of Appeals,
Third Circuit.

Argued Nov. 5, 1954.

Decided Jan. 5, 1955.

# 274

Frederic G. Weir, Pittsburgh, Pa. (Thomas Park Shearer, Oliver, Brandon & Shearer, Pittsburgh, Pa., on the brief), for appellant.

Gilbert J. Helwig, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and KALODNER and HARLAN, Circuit Judges.

KALODNER, Circuit Judge.

The plaintiff, an employee of the defendant railroad company, brought this action to recover damages for injuries sustained while tightening a hand brake on one of the defendant's "dump" cars. Liability was asserted under the Federal Employers' Liability Act[1] and the Safety Appliance Act.[2] The District Court entered judgment for the defendant pursuant to the jury's verdict.[3]

This appeal followed the denial of plaintiff's motion for a new trial.[4]

█ The plaintiff contended before the jury that his injury resulted from an inefficient hand brake on the "dump" car in violation of the specific provision of Section 11 of the Safety Appliance Act. He also contended that he was engaged in a "train movement", in which case Sections 1 and 8 of the Safety Appliance Act requires air brakes. The "dump" car involved concededly was not set up so that air or train brakes could be used, but admittedly such brakes were not required if the plaintiff was engaged in a "switching operation", as the defendant contended. United States v. Erie Railroad Company, 1913, 237 U.S. 402, 35 S.Ct. 621, 59 L.Ed. 1019; Philadelphia & Reading Ry. Co. v. Bartsch, 3 Cir., 1925, 9 F.2d 858, 860. It is settled that the violation of the Safety Appliance Act supplies the wrongful act necessary to ground liability under the Federal Employers' Liability Act. Affolder v. New York, Chicago & St. Louis Railroad Co., 1950, 339 U.S. 96, 98, 70 S.Ct. 509, 94 L.Ed. 683; Carter v. Atlanta & St. Andrews Bay Railway Co., 1949, 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236; O'Donnell v. Elgin, Joliet & Eastern Railway Co., 1949, 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187; Myers v. Reading Company, 1947, 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615.

In seeking to upset the jury's determination, the plaintiff asserts on this appeal that as a matter of law the operation in which he was engaged at the time of his injuries was a "train movement"; that the District Court erred in admitting certain evidence on the issue whether it was a "train movement"; and that the District Court further erred in its instructions to the jury on the same issue.

█ We are of the opinion that the jury's determination constitutes an insurmountable obstacle along the road of argument which the plaintiff has taken. In answer to Special Interrogatory No. 4, footnote 3, supra, the jury found that the lack of air brake power was not a proximate cause contributing to the

---

1. 45 U.S.C.A. § 51 et seq.

2. 45 U.S.C.A. § 1 et seq.

3. The judgment was entered for the defendant upon the jury's answers to the following special interrogatories:

"No. 1. Was the hand brake in question an efficient brake at the time of the alleged accident? Answer: Yes.

"No. 2. If your answer to Question No. 1 is 'No', state whether the inefficient hand brake was a proximate cause which contributed to Plaintiff's injuries. Answer: No.

"No. 3. At the time that he was injured, was the Plaintiff engaged in a train movement or a switching operation? Check the appropriate answer: You have checked 'Switching operation'.

"No. 4. State whether the lack of air brake power on the dump cars was a proximate cause contributing to Plaintiff's injuries? Answer: No.

"No. 5. What is the total amount of damages, if any suffered by John P. Beisel, the Plaintiff, which were the proximate result of the injuries sustained on the 10th day of October, 1951? Answer: $7,000".

4. 121 F.Supp. 604.

plaintiff's injuries. The question was adequately explained, and no assertion of error in the District Court's charge on causation is made here. The finding, accordingly, renders the provisions of the Safety Appliance Act with respect to air brakes of no avail to the plaintiff, as it renders moot the question whether the operation was a "train movement."

 The plaintiff lastly urges that the finding of no causal relationship between his injuries and the lack of air brake power is inconsistent with the jury's answer to Special Interrogatory No. 5, footnote 3, supra. While the latter amounts to a simple conclusion that the plaintiff suffered damages, it was clearly submitted to the jury with instructions to find the "amount of damages" *if* it concluded that the plaintiff suffered his injuries while tightening the hand brake on the "dump" car. The asserted inconsistency is that if air brake power was present and used, the plaintiff would not have had to apply the hand brake, or the application of the hand brake would have been easier.

The obvious answer to the plaintiff's argument is that whether the presence of air brake power would have obviated the use of the hand brake, or made the task of applying the hand brake easier, were contested factual issues peculiarly within the province of the jury. Its determination is not lightly to be disturbed. Stone v. New York, Chicago & St. Louis Railroad Co., 1953, 344 U.S. 407, 73 S.Ct. 358, 97 L.Ed. 441; Wilkerson v. McCarthy, 1949, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497; Tennant v. Peoria & Pekin Union Railway Co., 1944, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520. And, of course, the evidence and the inferences must be taken in favor of defendant in view of the jury's finding.

██ The patent weak link in the chain of the plaintiff's argument is the admission that the use of the hand brake may have been necessary even with the presence of air brake power. The jury, on the evidence, was at liberty to find that it was necessary, and further, was at liberty to find, on the evidence, that the ultimate exertion to secure the hand brake would not have been less even had air brake power been available. The jury was also at liberty to find, on the evidence, that the accident did not happen in the manner related by the plaintiff and therefore to find, as it obviously did, that the brakes of the car had nothing to do with the accident even though the latter occurred while the plaintiff was tightening the brakes. We cannot hold as a matter of law that the evidence indicated the validity of the suppositions upon which the plaintiff asserts an inconsistency.

██ Unfortunately for the plaintiff, as we pointed out in Healy v. Pennsylvania Railroad Company, 3 Cir., 1950, 184 F.2d 209, 213, certiorari denied 1951, 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674, "The Act [Federal Employers' Liability Act] does not make the railroad an insurer."

The judgment of the District Court will be affirmed.