Walter J. SZAJNA, Administrator of the
Estate of Edward Randall Knapp,
Plaintiff,

v.

BESSEMER AND LAKE ERIE RAIL-
ROAD COMPANY, Defendant and
Third-Party Plaintiff,

v.

ENICK TRUCKING, INC., Third-Party
Defendant.

Walter J. SZAJNA, Administrator of the
Estate of Edward Randall Knapp,
Plaintiff,

v.

ENICK TRUCKING, INC., Defendant and
Third-Party Plaintiff,

v.

BESSEMER AND LAKE ERIE RAIL-
ROAD COMPANY, Third-Party
Defendant.

Civ. A. Nos. 66–1496, 66–1497.

United States District Court,
W. D. Pennsylvania.

May 21, 1970.

Ronald D. Ecker, Martin E. Geary, Pittsburgh, Pa., for plaintiff.

George Hardy Rowley, Voorhies, Dilley, Keck & Rowley, Greenville, Pa., for Bessemer and Lake Erie Railroad Co.

Wilbur McCoy Otto, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Enick Trucking, Inc.

## OPINION AND ORDER

MARSH, Chief Judge.

This action under the Federal Employers' Liability Act and under the common law was tried to a jury which found that neither defendant was guilty of negligence with respect to the death of plaintiff's decedent. The plaintiff has filed a motion for new trial contending that "the Court erred in charging the jury on Contributory Negligence when there was no evidence of Contributory Negligence".[1] In our opinion the motion should be denied.

■ There was in this case circumstantial evidence of contributory negligence, similar to that discussed in Gans v. Baltimore & Ohio Railroad Company, 319 F.2d 802 (3d Cir. 1963), which justified the instructions on contributory negligence.

1. Other reasons advanved by plaintiff is his motion were orally withdrawn by counsel at oral argument.

In any event, however, plaintiff could not have been prejudiced by the instructions on contributory negligence in view of the jury's findings, in answer to special interrogatories, that neither defendant was negligent. Title 28 U.S.C. § 2111; Rule 61, Fed.R.Civ.P.; Lowe v. Taylor Steel Products Co., 373 F.2d 65, 68 (8th Cir. 1967), cert. denied 389 U.S. 858, 88 S.Ct. 85, 19 L.Ed.2d 122 (1967); Bass v. Dehner, 103 F.2d 28, 34 (10th Cir. 1939). See also: Sanders v. Glenshaw Glass Co., 108 F.Supp. 528, 532 (W.D.Pa.1952), aff'd 204 F.2d 436 (3d Cir. 1953), cert. denied 346 U.S. 916, 74 S.Ct. 278, 98 L.Ed. 411 (1953).

An appropriate order will be entered.