MIGUEL ÁNGEL CRUZ, Plaintiff and Appellee, v. EULALIO ORTIZ, Defendant and Appellant.

No. 10671.   Argued December 1, 1952.—Decided January 26, 1953.

*Víctor Rivera Colón* for appellant.   *César Andréu Ribas* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In the former District Court of Puerto Rico, San Juan Section, Miguel Ángel Cruz filed a petition for injunction against Eulalio Ortiz, alleging, in brief, that petitioner is the owner of a house and lot in Degetau Street in Santurce;

that defendant is the owner of a three-story concrete building, which is adjacent to the afore-mentioned property of petitioner and plaintiff, in its northern and eastern part, said building being "at present unfinished"; that more than two years before the filing of the complaint, defendant finished erecting the walls of his building which are adjacent to petitioner's house and lot; that he left several openings in those walls, in the boundary line between the lots of petitioner and of defendant; that in the third story of his building "defendant has left some wood mouldings overhanging which if they did fall, will fall on the lot, on the garage or on the house of the petitioner, with the consequent risk for the life of the latter's relatives"; that defendant also installed an outlet pipe causing it to project into petitioner's lot and that pestilent faecal matter which comes from said pipe "makes unbearable the stay of petitioner and his relatives in their home"; that defendant's act, in leaving the openings in the walls have made it possible for "rats to pass into his property and garbage to be thrown into the lot and on petitioner's garage, and likewise subjecting petitioner and his relatives to the foul odors coming from the sewer pipes of defendant's building, thus disturbing the peace and tranquility of petitioner's home and impairing his health and happiness"; that petitioner several times required defendant to close the openings and defendant refused to do so and that "petitioner lacks any other adequate remedy in the ordinary course of law, with the exception of the extraordinary relief of injunction, to compel defendant to close the openings, eliminate the mouldings and all that which implies danger, damage to the property and impairment of petitioner's right."

Defendant filed his answer in a single pleading, denying the essential facts set forth in the complaint, and a "motion to dismiss" wherein he alleged that the petition for injunction "does not state sufficient facts against defendant, on the

following grounds: (1) Because it does not allege the existence of irreparable damages which justify the intervention of equity; (2) because it does not allege a multiplicity of suits to which plaintiff would be bound and (3) because it does not allege that there is no remedy in the ordinary course of law."

After a preliminary hearing and after documentary and oral evidence was introduced, the court *a quo* rendered judgment sustaining the petition for injunction after setting forth the following "findings of fact," which have not been challenged on appeal:

"From the result of the evidence practiced the court deems as proved the following facts:

"(*a*) That plaintiff Miguel A. Cruz is the owner of the lot and house No. 29 of Degetau Street, of Santurce, which he occupies with his family, wife and children, and that defendant Eulalio Ortiz, is the owner of the building at the corner of Muñoz Rivera and Degetau Streets bounded by plaintiff's lot on the North and on the East. That while plaintiff's house is a one-story building, zinc roofed, defendant's building is a three-story building made of cement blocks with a frame penthouse, zinc roofed, and their South and East walls stand precisely on the line adjoining plaintiff's lot.

"(*b*) That defendant, when he built the walls of his building, left three openings in the South wall, one four feet nine inches wide by forty-three inches high which is in front of plaintiff's parlor with direct lights over said property; another, two and one half feet wide by one and one half foot high which faces the kitchen in the West wall; another fifty-two inches wide by one and a half foot high and which faces the bedroom of plaintiff's father; another, in plaintiff's garage at seven feet three inches from the floor and which is four feet four inches wide by one and a half foot high; and another above the roof of plaintiff's garage, six inches from said roof which is one foot nine inches wide by one foot nine inches high. That three of said openings were made in the South wall and two in the West wall of defendant's building.

"(*c*) That in the highest point of the West wall of his building defendant left some wood mouldings, overhanging towards plaintiff's lot, which, because of the rain and the action of time

fall off in pieces and land on top and inside plaintiff's lot and house; that in the South wall of his building defendant also left other pieces of wood mouldings hanging over plaintiff's lot which are likely to fall; that defendant left part of the South wall lower than the rest and from the penthouse built by defendant there is a direct view over defendant's lot less than two meters apart from the line adjoining the latter.

"(d) That because of failure to plaster the West and South walls the concrete blocks become loose and fall on top and inside plaintiff's lot and house.

Defendant has appealed to this Court assigning as sole error the following:

"The lower court erred in setting aside the motions to dismiss and in granting a writ of injunction without it being alleged in the petition or proved that there existed irreparable damages, nor a multiplicity of suits or that plaintiff had an ordinary remedy in the course of the law."

██ With respect to the alleged insufficiency of the complaint, we should indicate, as a starting point, that the duty of the court is limited to considering whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim, which may give rise to a remedy. *González* v. *Hawayek*, 71 P.R.R. 493, 498; *Rivera* v. *People*, 73 P.R.R. 841. See, also, *Meléndez* v. *Iturrondo*, 71 P.R.R. 56; *Boulon* v. *Pérez*, 70 P.R.R. 941; *Spanish American Tobacco Co.* v. *Izquierdo, Com'r.*, 67 P.R.R. 146. A complaint should not be dismissed unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim. 2 Moore's *Federal Practice*, 2245, § 12.08, second edition; *Mullen* v. *Fitz Simons and Connell Dredge & Dock Co.*, 1949, 172 F. 2d 601; *Gruen Watch Co.* v. *Artists Alliance*, 1951, 191 F. 2d 700. The averments of the complaint must be liberally construed. 2 Moore, *op. cit.* 2245. If a valid claim appears from the complaint, the court should grant the appropriate remedy although it is not the one requested in the complaint. *Núñez*

v. *Benítez*, 65 P.R.R. 812, 816; 2 Moore, *op. cit.* 423, § 2.08. From that point of view, and, on the legal grounds which we shall hereinbefore discuss, the complaint filed in the case at bar is clearly sufficient, not only because it establishes a valid claim in favor of plaintiff and appellee but also because it justifies the issuance of the specific remedy of injunction especially in view of the fact that the complaint does not have to allege specifically and expressly, in exact words, that plaintiff would suffer irreparable damages or that the ordinary remedy at law is not adequate, inasmuch as if from the facts alleged in the complaint said conclusions appear, the complaint would be sufficient. *Nieves* v. *López, Acting Commissioner*, 61 P.R.R. 260; *Benítez Rexach* v. *Municipality*, 42 P.R.R. 103; *Peña* v. *Vergne de la Concha*, 37 P.R.R. 265; *Alonso* v. *Madera et al.*, 32 P.R.R. 661; *Narváez* v. *González*, 16 P.R.R. 182; *Chardón* v. *Laffaye*, 43 P.R.R. 623; *Loíza Sugar Co.* v. *Hernáiz et al.*, 32 P.R.R. 829; *Arenas et al.* v. *Commissioner of Interior*, 26 P.R.R. 675. Besides, any possible insufficiency of the complaint may be supplied by the evidence, and the complaint may be considered as amended by the evidence introduced. *Ponce* v. *F. Badrena e Hijos, Inc., ante*, p. 210, and cases cited therein. The complaint is not only sufficient but, under the findings of fact set forth by the trial court, the latter acted correctly in sustaining the petition for injunction.

■■ The lower court concluded that in some walls built by defendant precisely on the boundary line with plaintiff's lot, defendant left several openings of a size not authorized by law and, naturally, at a distance of less than two meters and less than sixty centimeters from plaintiff's lot. That in said walls defendant left hanging and towards plaintiff's lot some mouldings which became loose with the rain and the action of time and fell in plaintiff's lot, as well as other wood mouldings which were likely to fall, and that the "concrete blocks" of which defendant's walls were built were becoming loose and falling inside the house and lot of the plaintiff.

Windows with direct views, or balconies or any similar openings projecting over the tenement of a neighbor shall not be made if there is a distance of less than two meters between the wall in which they are built and the said property. Section 518 of the Civil Code. Neither can side or oblique views be opened over the said property, unless there be a distance of sixty centimeters. The distances shall be measured, in case of direct views, from the outer line of the wall when the openings do not project, from the line of the latter, when they exist, and for oblique views, from the dividing line of both properties. Section 519 of the Civil Code. The owner of a building, is obliged to construct his roofs or covering in such manner that rain-water may fall in his own land or on the street or any public place, and not on the land of his neighbor. Even if it falls in his own land, the owner is obliged to collect it in such manner as will not injure the adjoining tenement. Section 522 of the Civil Code. Generally speaking, an owner can not make or construct in his property what may cause unreasonable damages to his neighbor. (2 C.J.S. 6. See, also, § 284 of the Civil Code).

Defendant's act, and especially his making the afore-mentioned openings, clearly injured plaintiff's rights pursuant to the legal grounds already pointed out, and impaired his rights to have the afore-mentioned openings closed. The problem involved in this appeal consists in determining whether, for the benefit of the plaintiff, the extraordinary remedy of injunction lies, that is, whether the remedy for an action for the establishment of an easement, available to petitioner (or an action for the denial of an easement in its case), with the corresponding compensation for damages, constitutes an adequate remedy, in such a way as to exclude the possibility of an injunction for the purposes of protecting plaintiff's right.

An injunction lies when meant to avoid irreparable damages or a multiplicity of suits. *Torruella* v. *Sucesión J.*

*Serrallés*, 57 P.R.R. 271; *Las Monjas Racing Corp.* v. *Insular Racing Comm.*, 57 P.R.R. 516; *Durlach Bros. Inc.* v. *Domenech*, 47 P.R.R. 617; *Chardón* v. *Laffaye, supra; Asociación Médica de P. R.* v. *Rechani*, 42 P.R.R. 87; *Benítez* v. *Municipality*, 42 P.R.R. 103; *Franco* v. *Oppenheimer*, 40 P.R.R. 144; *Santini Fertilizer Co.* v. *González*, 39 P.R.R. 685; *Peña* v. *Vergne de la Concha, supra; Almodóvar* v. *Russell & Co.*, 34 P.R.R. 90; *Monagas* v. *Rivera et al.*, 33 P.R.R. 570, 574; *Sabat* v. *Valera*, 24 P.R.R. 133; *The American Trading Co.* v. *Monserrat*, 18 P.R.R. 268; *Wenar* v. *Jones*, 14 P.R.R. 422; *Estate of Iglesias* v. *Bolívar*, 11 P.R.R. 548.

The concept of avoiding irreparable damages or a multiplicity of suits is an aspect of the basic rule that an injunction lies when the remedy at law is inadequate. *Treasurer of P. R.* v. *Tax Court*, 73 P.R.R. 282; *Las Monjas Racing Corp.* v. *Racing Commission*, 67 P.R.R. 42, 53; *Álvarez* v. *Public Amusements and Sports Commission*, 67 P.R.R. 330; *Mari* v. *Vicéns*, 67 P.R.R. 442; *Cruz* v. *Insular Racing Commission*, 65 P.R.R. 705; *Moffett* v. *Buscaglia, Treas.*, 64 P.R.R. 836; *Rivera* v. *Colón*, 62 P.R.R. 51; *Central Cambalache* v. *Cordero*, 61 P.R.R. 7; *Chardón* v. *Laffaye, supra; Cia. Popular de Transporte* v. *Suárez*, 52 P.R.R. 240. See, also, 43 C.J.S. 863, § 182(6); 28 Am. Jur. 459, § 283.

Under the attendant circumstances, the rights of a plaintiff may be protected by way of injunction, the ordinary remedy not being completely adequate. 3 Powell, *Real Property*, § 420, pp. 481–487, especially at p. 483; 139 A.L.R. 165; 93 A.L.R. 1180; 12 A.L.R. 2d 1214, 1216; 28 C.J.S. 788 *et seq.*, § 107. Actions for the establishment or denial of an easement may be useful to obtain a declaration of rights and damages, but their usefulness does not bar injunction, in view of the fact that because of the continuous manner in which easements are, or may be, exercised, the impairment or injury to the rights of servitude may give rise to a multiplicity of suits.

In *Sons of J. Bird León* v. *Luiña*, 25 P.R.R. 575, it was held that a writ of injunction lies to prevent the violation of a servitude of right of way. In *Martínez* v. *P. R. Coconut Industries*, 68 P.R.R. 226, it was held that the extraordinary remedy of injunction could be issued for the purpose of protecting the owner of a lower tenement against the contamination of water caused by the owner of the higher tenement.

In *San Patricio Corporation* v. *Colón*, 65 P.R.R. 860, the following was stated:

"If as in the present case the complaint alleges that the plaintiff is the owner of a parcel of land described in the complaint; that a servitude of right of way has been constituted in favor of said parcel and over an estate belonging to the defendants and that the latter are depriving plaintiff of the use of said servitude, there is no doubt that plaintiff's right has been invaded by the defendants, and in order to safeguard this right the law affords a remedy. The remedy sought by plaintiff, as disclosed by the averments and the prayer of the complaint is the declaration of the existence of a servitude, and consequently, that a preliminary writ of injunction and later a permanent writ be issued ordering the defendants and its agents to remove or destroy the fences which obstruct the traffic of the road built on the strip of land over which the servitude was constituted . . . .

"Even though the plaintiff has not given any name to the action brought in case No. 442 (lower court), the facts alleged constitute an action for the only manner of protecting (*acción confesoria*) and the only manner of protecting the use of said easement is by ordering the invader of such right to remove the obstacle and to refrain in the future from impairing plaintiff's right. Whether it be labeled an order or an injunction, at all events what the court does is to order the removal of the obstacle and take the necessary steps to prevent the repetition of any impairment of the right of servitude."

Injunction lies, besides, to avoid violation of private restrictions. *Santaella* v. *Purón*, 60 P.R.R. 547; *Macatee* v. *Biascoechea et al.*, 37 P.R.R. 1; *Lawton* v. *Rodríguez*,

35 P.R.R. 445; *Glines et al.* v. *Matta et al.*, 19 P.R.R. 409. In *Chardón* v. *Laffaye, supra,* a complaint for an injunction filed by one of two partners against the other alleging that the latter was about to use the property for his individual benefit making changes therein and preventing its use by the other owner, was acknowledged as sufficient.

In the case at bar plaintiff's rights have been created by the law, and the violations of those rights may be forbidden by way of injunction. 4 Pomeroy, *Equity Jurisprudence* 935, § 1338. *Cf. Vallecillo* v. *Vidal et al.,* 33 P.R.R. 325, 328. This is especially true in view of the continuous character of the servitude of light and view, and of the continuous character also of the violations by defendant of plaintiff's rights.

The judgment appealed from will be affirmed.

Mr. Justice Belaval did not take part in the decision of this case.