[No. 28356. Department One. July 1, 1941.]

T. RAYMOND JEFFS, *Respondent*, v. BADEN P. STEPHENSON *et al., Appellants.*[1]

[1]Reported in 114 P. (2d) 987.

*Ralph Woods,* for appellants.

*Stuart H. Elliott,* for respondent.

BLAKE, J.—Plaintiff brought this action to recover for services rendered as a sort of factotum of a second-hand store owned by defendants. His cause of action was couched in double aspect: (1) on an express contract for a stipulated salary; (2) upon a *quantum meruit.* The court found for plaintiff on the theory of *quantum meruit,* and entered judgment in his favor in the sum of $768.19. Defendants appeal.

The essential facts may be summarized as follows: In May, 1934, appellant Baden P. Stephenson purchased a secondhand store in Tacoma for seventy-five dollars. He put respondent in charge of it under an arrangement for compensation about which there has developed a sharp dispute and which gives rise to this action. Respondent continued to manage the business until March 30, 1940, when appellant summarily discharged him. Respondent then brought an action for an accounting on the theory that he and appellant were partners in the operation of the business. Upon trial of the action, the superior court rejected that theory, whereupon plaintiff instituted the present action.

In this action, the trial court found the reasonable value of respondent's services to be ninety dollars a month; that he had received sixty-five dollars a month; that he was entitled to recover the difference for the period from September 6, 1937, to March 30, 1940.

Appellant contends, first, that the court was not warranted under the evidence in holding for respondent on the theory of *quantum meruit,* because there was a definite agreement as to what respondent should receive.

 It is clear that, at the time the employment began, it was contemplated that respondent should look for his compensation to the profits of the business, and should take out only enough to cover his living expenses. Appellant says that it was never contemplated nor agreed that respondent should receive more than this. On the other hand, respondent says that this arrangement was to last only until the business grew sufficiently to justify the payment of more. The business did grow. The trial court was of the opinion that, as of March 30, 1940, it was worth twenty-five hundred dollars. It is apparent, therefore, that much of the profits went back into the business during the years that respondent managed it. Taking the evidence as a whole, we think the trial court was justified in accepting respondent's version of the arrangement under which he was employed. Implicit in the arrangement was the understanding that he was to receive a reasonable compensation for his services if and when the business warranted it. Building, as he did, a seventy-five-dollar business up to twenty-five hundred dollars, he was entitled to the reasonable compensation for his services implied by law. The situation is not one that calls for the application of the rule that one may not maintain an action on *quantum meruit* when he agrees to work for nothing or to accept an amount less than the reasonable value of his services.

 Much of appellant's argument is directed to the credibility of respondent as a witness. This argument is based largely upon the fact that, in the action for a partnership accounting, respondent testified that no salary was agreed upon at any time. He testified in the present case that, some time in 1935, a salary of one hundred and twenty-five dollars a month was agreed upon.

It must be admitted that his testimony in this respect is not very convincing. The trial court did not accept it. But it does not follow that respondent is not entitled to reasonable compensation for the services rendered. The very theory which permits the pleading of an express contract and a *quantum meruit* in the alternative, assumes the possible failure to establish the express contract. *Staples v. Esary,* 130 Wash. 521, 228 Pac. 514. We do not think that the apparent discrepancies in respondent's position in the accounting case or in this are such as to justify us in disregarding all of his testimony.

We have read the testimony of both appellant and respondent with great interest, and do not hesitate to say that we think the evidence, taken as a whole, preponderantly supports the findings and conclusions of the trial court.

Appellant raises a question as to the findings of the trial court in another particular which, perhaps, should be given specific attention. The books kept in connection with the business were sketchy, to say the most for them. Appellant, however, has evolved from them a computation by which he endeavors to persuade us that respondent, during the period for which he sought compensation, actually drew down one hundred and ten dollars a month. Appellant's argument in support of his conclusion is ingenuous, but not persuasive. We think the finding of the trial court that respondent received sixty-five dollars a month during that period is supported by a preponderance of the evidence.

Judgment affirmed.

ROBINSON, C. J., MAIN, SIMPSON, and DRIVER, JJ., concur.