## MODIN v. MATSON NAV. CO.
### No. 10044.

Circuit Court of Appeals, Ninth Circuit.

May 15, 1942.

Rehearing Denied June 12, 1942.

S. T. Hogevoll, of San Francisco, Cal., for appellant.

Herman Phleger, Maurice E. Harrison, and Moses Lasky, all of San Francisco, Cal. (Brobeck, Phleger & Harrison, of San Francisco, Cal., of counsel), for appellee.

Before MATHEWS, HANEY, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

This was an action by appellant, David Modin, hereafter called plaintiff, against appellee, Matson Navigation Company, hereafter called defendant, in the District Court of the United States for the Northern District of California. It was an action at law. The complaint was in two counts. Defendant moved to dismiss count 1 upon the ground that it failed to state a claim upon which relief could be granted, and to dismiss count 2 upon the same ground and upon the further ground that the District Court, sitting as a law court, had no jurisdiction thereof. The court heard the motion and entered a judgment dismissing count 1 and transferring count 2 to its admiralty docket. Plaintiff has appealed.

Three questions are presented. The first is whether the judgment was appealable. It is clear that, with respect to count 1, the judgment was final and hence appealable under § 128 of the Judicial Code, 28 U.S.C.A. § 225. Whether, with respect to count 2, the judgment was interlocutory or final need not be decided; for, if interlocutory, it was, in effect, an interlocutory judgment granting an injunction restraining further proceedings at law and hence was appealable under § 129 of the Judicial Code, 28 U.S.C.A. § 227 (Enelow v. New York Life Ins. Co., 293 U.S. 379, 383, 55 S.Ct. 310, 79 L.Ed. 440) ; and, if final, it was appealable under § 128 of the Judicial Code, 28 U.S.C.A. § 225.

The second question is whether count 1 stated a claim upon which relief could be granted. Count 1 contained seven paragraphs. Paragraph 1 alleged that defendant was a California corporation. Paragraph 2 alleged that defendant was the owner and operator of a vessel called the Matsonia, and that plaintiff was employed as a seaman on said vessel. Paragraphs 3 and 4 alleged:

"3. That in the month of November, 1939, on a voyage from San Pedro, California to Honolulu, T. H., while at work, a blood vessel became clogged due to the negligence of the defendant, he fell down and was unable to walk, and he was sent to the Marine Hospital in Honolulu about November 29, 1939, and due to said injury one hand, and arm, and side became paralyzed, and he was unable to walk or talk, and he is still unable to talk, but can walk a little, but only a few feet and with great pain.

"4. By reason of the injury on the ship, and also by reason of that he was refused his maintenance, the plaintiff is permanently crippled and injured, and will suffer all his life, and he will never be able to do his work as a seaman, which occupation he had followed for twenty years, and during the said twenty years he had been employed by the defendant for over seven years."

Paragraph 5 alleged that, at the time of the injury, plaintiff was 38 years old, had a life expectancy of 29.62 years and was earning $150 a month. Paragraph 6 alleged that "the negligence of the defendant" had damaged plaintiff in the sum of $50,400. Paragraph 7 prayed judgment for $50,400.

What defendant's negligence, if any, consisted of count 1 did not say. No negligent act or omission was alleged. There was no factual allegation warranting the conclusion that defendant was negligent or the conclusion that such negligence caused plaintiff's injury. Count 1 is not aided by the allusion to "maintenance" in paragraph 4; for, although in that paragraph plaintiff spoke of having been "refused his maintenance," he did not, there or elsewhere in count 1, charge defendant with such refusal or state facts showing that such refusal caused or contributed to his injury, nor did he, in count 1, state or attempt to state any claim for maintenance.

We conclude that count 1 did not state a claim upon which relief could be granted.

The third question is whether count 2 stated a claim upon which the District Court, sitting as a law court, could grant relief. Count 2 referred to and, by reference, adopted the allegations of paragraphs 1 to 5, inclusive, of count 1. Count 2 further alleged: "That at all the times after

196

said injury the plaintiff has been confined in hospitals without costs to him, save and except for a period of 104 days, at which time he was cared for by his wife. That there is due from said defendant to said plaintiff for his maintenance the sum of $312, being at the rate of $3 for each day.".

Thus count 2 stated or attempted to state a claim for maintenance. Upon such a claim, if well founded, relief may be granted either in admiralty or at common law. Judicial Code, § 24(3), 28 U.S.C.A. § 41(3). An action at law upon such a claim may be brought in a State court; or, if diverse citizenship exists and the claim is for more than $3,000, it may be brought in a district court of the United States. Judicial Code, § 24(1), 28 U.S.C.A. § 41(1). Here, diverse citizenship was not alleged and, admittedly, did not exist, and the claim was for less than $3,000. Of that claim, therefore, the District Court, sitting as a law court, had no jurisdiction. Benedict, Admiralty, 6th Ed., § 612, p. 201.

We conclude that count 2 did not state a claim upon which the District Court, sitting as a law court, could grant relief. If the District Court could grant relief upon the claim stated or attempted to be stated in count 2, it could do so only in admiralty. Accordingly, and properly, count 2 was transferred to the admiralty docket. Twin Harbor Stevedoring & Tug Co. v. Marshall, 9 Cir., 103 F.2d 513, 517; Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667, 670.

Judgment affirmed.