## GERMAN v. CARNEGIE–ILLINOIS STEEL CORPORATION.

### No. 9153.

Circuit Court of Appeals, Third Circuit.

Argued June 28, 1946.

Decided Aug. 19, 1946.

---

Hymen Schlesinger, of Pittsburgh, Pa., for appellant.

Ira R. Hill, of Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, McLAUGHLIN, and O'CONNELL, Circuit Judges.

O'CONNELL, Circuit Judge.

This case presents the interesting if sometimes perplexing question of election of rights and remedies. A seaman is injured while on duty in the engine room of a river steamer. He brings an action on the law side in the District Court for the Western District of Pennsylvania, charging the shipowner with negligence under the Jones Act, 46 U.S.C.A. § 688, and with breach of warranty of seaworthiness under general maritime principles. During the presentation of his case and upon motion by counsel for the defendant, the trial judge requires the plaintiff to "elect" as between these two causes of action. Accordingly, the plaintiff "elects" to proceed on the theory of negligence under the Jones Act. The jury brings in a verdict for the defendant. Motion for new trial is denied. We are asked to set aside the verdict and judgment entered thereon and to grant a new trial, chiefly on the ground that the "election" compelled by the trial judge was prejudicial and reversible error.

Only recently this court passed on a similar question but viewed from a different angle. In Branic v. Wheeling Steel Corporation, 3 Cir., 1945, 152 F.2d 887, 895, the plaintiff also brought an action alleging in the same complaint negligence and unseaworthiness. The defendant objected to the venue because it did not "reside" in the district, nor did it have its principal office there. The plaintiff contended that diversity of citizenship was the basis for federal jurisdiction and that consequently residence of the plaintiff was sufficient to make the venue proper. We held that where the action is based on both negligence and unseaworthiness, the objection to venue must be sustained if the defendant does not "reside" in the district or have his principal office there. But, instead of dismissing the action as the lower court had done, we ordered that the complaint be dismissed "unless within twenty days after the coming down of the mandate the plaintiff amends the complaint by eliminating therefrom the allegations of negligence on the part of the master and crew as a cause of his injuries and as a basis for his claim for relief." In so doing, Judge Maris speaking for the court stated, Branic v. Wheeling Steel Corporation, supra, 152 F.2d at page 890, "It should be pointed out, however, that if he should so amend and ultimately suffer an adverse judgment that judgment would also bar any recovery by him under the Jones Act. Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. On the other hand, if he elects not to amend and the present complaint is dismissed for want of proper venue the judgment, not being on the merits, will not conclude his claim. Accordingly it

will not operate to bar him from enforcing his cause of action both for unseaworthiness and negligence under the Jones Act in a court having proper venue jurisdiction in either a civil action or a suit in admiralty, provided he does so before the statute of limitations runs against his claim."

■ It is thus clear that assuming proper venue (and no objection to venue appears herein) the injured seaman may join in the same complaint causes of action based upon negligence under the Jones Act and unseaworthiness under general maritime principles. Indeed, the failure to do so may have fatal results, as Judge Maris pointed out.

When we examine into the asserted facts of this case, the logic of the result reached becomes apparent. German, a striker-engineer, had just relieved the watch on April 15, 1944, in the engine room of the Steamer J. L. Perry which plied the Ohio, Monongahela, and Allegheny Rivers. His mission was to oil up the engines. To do so he moved on and along a footbox or footboard placed in front of the engines. While thus moving, he slipped, fell from the footbox to the deck, suffering severe injuries. He charges negligence on the ground that the seaman he relieved had carelessly dropped oil on the footbox and had failed to remove the slippery substance. He charges unseaworthiness on the ground that the shipowner failed to provide a grab bar or guard rail to which he might have fastened while moving along the footbox which he alleged was frequently a greasy, oily platform.

■ Obviously, there are thus two distinct issues to be tried. German was entitled to have the jury pass on both in accordance with established principles of negligence and general maritime law. If his proof can sustain either or both he may recover damages—but, of course only one compensation for the injuries he suffered. This he was denied by the action of the learned court below.

■ We are unable to dismiss the error as being unprejudicial. The import of this erroneous action of the trial court is aptly illustrated by another case in which this court recently passed upon a similar but not identical question. In Sieracki v. Seas Shipping Co., 3 Cir., 1945, 149 F.2d 98, a longshoreman brought an action in the District Court to recover damages for injuries sustained while loading a ship. He, too, asserted both negligence and unseaworthiness as bases for recovery. It is true that no objection to the combining of these two separate grounds for liability was raised by the defendants. Nevertheless, the court expressly held that the longshoreman was entitled to recover against one of the defendants on the ground of unseaworthiness. This, despite the inability to prove such defendant guilty of negligence. Thus, a situation arose in which the longshoreman (to whom the court accorded the rights of a seaman in the particular circumstances of the case) was able to sustain a recovery against a defendant on the grounds of unseaworthiness, at the same time failing to recover against such defendant on the grounds of negligence. In the argument before the Supreme Court, 66 S.Ct. 872, following the granting of certiorari, 66 S. Ct. 58, it was contended "that the doctrine of unseaworthiness is peculiar to admiralty and cannot be applied in a suit brought on the law side of the court." In affirming our decision, the Court made short shrift of this contention, stating, "At the outset we may dismiss the first contention. It is now well settled that a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court. Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 476, 66 L.Ed. 927. Garrett v. Moore-McCormack Co., 317 U.S. 239, 243-244, 63 S.Ct. 246, 249, 250, 87 L.Ed. 239; Thornes v. Socony-Vacuum Oil Co., D.C., 37 F.Supp. 616." Seas Shipping Co., Inc., v. Sieracki, U.S., 66 S.Ct. 872.

As a consequence, we are required to set aside the verdict and remand for a new trial.

Reversed and remanded for a new trial.