**ERICKSON v. SHAMROCK TOWING CO., Inc.**

United States District Court
S. D. New York.

July 21, 1948.

Nathan Baker, of New York City, for plaintiff.

Alexander & Ash, of New York City, for defendant.

BONDY, District Judge.

Defendant moves to dismiss the first cause of action solely on the ground that it fails to state a claim against the defendant. The first cause of action is based upon unseaworthiness of the ship upon which the plaintiff sustained injuries. Defendant's contention is: "Since the cause of action for unseaworthiness lies against the ship, the cause of action is one essentially in rem and is not cognizable in personam at common law. As the plaintiff's claim in the first cause of action is bottomed on unseaworthiness, he can only enforce the same on the admiralty side of this Court by proceeding against the vessel in rem. Such a cause of action for unseaworthiness is not enforceable in a common law action against the owner of the ship in personam. Therefore, in the instant case, the first cause of action is not here enforceable."

In Seas Shipping Co. v. Sieracki, 328 U.S. 85, 88, 66 S.Ct. 872, 874, 90 L.Ed. 1099, it is stated: "It is now well settled that a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the

court." In German v. Carnegie-Illinois Steel Corporation, 3 Cir., 156 F.2d 977, 979, it was held that "the injured seaman may join in the same complaint causes of action based upon negligence under the Jones Act, [46 U.S.C.A. § 688] and unseaworthiness under general maritime principles."

The defendant's motion accordingly is denied.