**MULLEN v. FITZ SIMONS & CONNELL DREDGE & DOCK CO.**

**SAVELA v. FITZ SIMONS & CONNELL DREDGE & DOCK CO.**

Nos. 9591, 9592.

United States Court of Appeals
Seventh Circuit.

Dec. 30, 1948.

Rehearing Denied March 9, 1949.

Irving Breakstone, of Chicago, Ill., for appellants.

Edward B. Hayes, of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, SPARKS, Circuit Judge, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

Two seamen appeal from the dismissal by the District Court of their separate actions against defendant for injuries incurred by them while in its employ on sep-

arate boats owned by it. Because the two cases involve identical issues they were argued together before the court below and consolidated for briefs and argument on appeal before this court.

The complaints filed by both appellants state, in paragraph 1 of each, that the actions arose under section 33 of the Merchant Marine Act of 1920, known and hereafter referred to as the Jones Act, 46 U.S.C.A. § 688,[1] and, by paragraph 18 of each complaint, appellants recite that, pursuant to section 33 of the Act, they elect to maintain their actions for damages at law with the right of trial by jury and to take the benefit of all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees. Each asserts three separate causes of action, the first based on the alleged negligent violation of the duty to provide a seaworthy vessel and appliances and competent co-employees, and setting up facts alleged to constitute such violation, resulting in the serious injury to the complainant without fault on his part; the second, referring to, without stating the same facts, based on failure to furnish medical care upon the complainant's injury as a result of those facts; and the third, again incorporating the facts of the first cause, based on failure to pay the expense of maintenance during the incapacity of the complainant. In each case, judgment was demanded in the amount of $50,000 on the first cause of action, and $5000 each on the second and third causes of action.

Appellee filed identical motions in each case, (1) to dismiss the action for failure to state a claim against it upon which relief could be granted, (2) to dismiss the action upon each of the three causes of action asserted for failure to state a claim, and (3) to strike from the complaint as redundant and immaterial each paragraph of the complaint severally. The court sustained these motions to dismiss the actions and ordered that the suits be dismissed in each case, without prejudice and without costs.

■ Since the orders of the District Court do not, in terms, state the basis for its actions, and the records contain only the complaints and motions to dismiss, we must assume that the court accepted the theory of appellee and dismissed the complaints for failure to state claims upon which relief could be granted. However, looking to the arguments advanced by appellee on the appeals, both by brief and in oral argument, it appears that appellee predicated its motions to dismiss not upon failure to state any claims upon which relief could be granted, but rather upon misjoinder of claims and failure to elect between what appellee asserts to be mutually exclusive causes of action, wrong choice of forum, and various formal defects. This is most clearly indicated by its statement of the contested issues which it supplies for the reason that it considers the statement of appellants inaccurate. According to appellee these issues are:

"1. Whether the substantive law governing seamen's tort recoveries for alleged personal injuries and which allows them to invoke *either* the right under ordinary maritime law to recover on account of alleged unseaworthiness of vessel or equipment, *or* the right to recover under the statutory claim given by the Jones Act, allows them at one and the same time to invoke both?

"2. Whether the substantive law governing the common law jurisdiction of District Courts * * * permits claims for contractual recoveries for maintenance and cure arising under the ordinary maritime law, to be asserted in a *common law* action in a District Court * * * *in the absence of diversity of citizenship?*

"3. Whether the respective complaints confound several causes of action in a single count and, if so, upon the averments

1 "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; * * * Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

presented, fail to be 'simple, concise and direct'; and whether the respective complaints travel on conclusions of the pleader, not admitted by the motions."

■ We assume that the foregoing is also a fair statement of the issues presented to the District Court in support of the motions to dismiss the actions. In our opinion, they completely mistake the functions of the motion to dismiss for failure to state a claim. As stated in 2 Moore's Federal Practice, 2d Ed., par. 12.09 at p. 2257, "The motion to dismiss for failure to state a claim raises matter in bar and, if sustained without leave to plead further, results in a judgment on the merits." It has therefore generally been held that a complaint should not be dismissed for insufficiency, for failure to state a cause of action, unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.[2] Such is not the case here, nor do we understand that appellee contends that it is, or that the District Court so held—the dismissal was without prejudice. An assertion of failure to elect one of two causes of action certainly cannot be construed as a denial of any cause of action. Nor may the absence of common law jurisdiction over a contract claim in the absence of diversity of citizenship be urged in support of a motion to dismiss for insufficiency. The contention that the complaints confound several causes of action in a single count, thus violating the requirement that they be simple, concise and direct, and that the complaints travel on conclusions of the pleader are equally irrelevant to the objection as to their sufficiency. Hence the arguments advanced in support of the orders on appeal, which we assume are the same as those presented to the court below in support of the motions to dismiss for failure to state a claim, furnish no basis whatever for that action.

■ We look to the bills of complaint to determine whether the facts advanced might be construed to indicate a jurisdictional defect for which the complaints might be dismissed under Federal Rules of Civil Procedure, rule 12(b)(1), 28 U.S.C. A., since, if in fact the complaints do not state facts, jurisdictional and otherwise, upon which the complainants are entitled to maintain their suits, it would be futile to remand the causes to the District Court for further proceedings. Both complaints state that the actions arose under the Jones Act, and that the complainants elect to maintain their actions pursuant to that Act. Inasmuch as the controversies thus arise under a statute of the United States, and adequate jurisdictional amounts are averred, we think there can be no question of the right to maintain them in the federal court in accordance with the provision of section 24 of the Judicial Code, 28 U.S.C. A. § 41(1)(a) [now §§ 1331, 1332], regardless of whether or not there was diversity of citizenship. Van Camp Sea Food Co. v. Nordyke, 9 Cir., 140 F.2d 902; Branic v. Wheeling Steel Corp., 3 Cir., 152 F.2d 887; Willock, Commentary on Maritime Workers, Revision of 1946, 46 U.S.C.A. preceding section 688.

■ Appellee contends that the complaints do not state a proper case for relief under the Jones Act. It complains of appellants' failure to make the election it asserts is required under that Act. This objection appears to be directed to the inclusion of an allegation of unseaworthiness in each complaint, relief from which it asserts may be had only by action in admiralty, as distinct from the Jones Act action under which relief is permitted upon proof of negligence. Here again we think appellee mistakes the law. The Jones Act provides for relief for injured seamen similar to that provided for railroad employees under the various enactments for their benefit. "This right of recovery depends on negligence in one or both of two particulars: 1. that of any of the officers, agents, or employees of such carrier, and 2: by reason of any defect or insufficiency in its cars, engines, appli-

---

[2] 2 Moore's Federal Practice, 2d Ed., par. 12.08, and cases cited at note 6. See also Topping v. Fry, 7 Cir., 147 F. 2d 715. The reason for this rule is stated by Moore at p. 2267, "A judgment dismissing an action after dismissal of the complaint for failure to state a claim is res judicata and bars another action on the same claim."

ances, * * * this Act must be interpreted in accordance and harmony with maritime law, customs, equipment, and practice. The first therefore abolishes the defense under the maritime law of fellow servant as to actions brought under the Jones Act. The second, converted into nautical terms, gives a right of action based on negligence for injuries or death sustained by reason of any defect or insufficiency in the vessel or her equipment." Willock, Commentary on Maritime Workers, 46 U.S.C.A. preceding section 688. As we understand it, unseaworthiness of vessel or equipment may be relied upon as such defect or insufficiency, and an averment of the duty to provide a seaworthy vessel and equipment is just another way of stating a duty to provide a safe place to work, violation of which constitutes negligence. See Howarth v. United States Shipping Board Corp., 2 Cir., 24 F.2d 374.

Appellee contends that appellants "must allege and prove negligence." Looking again at the complaints, we think they contain sufficient averments of negligence to enable complainants to go forward with their actions. We do not understand that they have questioned the proposition that negligence is the gravamen of their actions, but they have been prevented by appellee's motions and the action of the court based thereon from proceeding further. We note in passing that appellee asserts that, "The conclusions of the complaint are not admitted by the motion and should be stricken as surplusage," and that in discussing this objection, it states that it seems that the whole of certain numbered paragraphs of the complaint are conclusions and therefore immaterial surplusage that should be stricken. We find upon examination of the paragraphs referred to that, with the exception of the first stating that the action arises under the Jones Act, they appear to follow practically verbatim the form set forth in 4 Benedict on Admiralty p. 207, for use as a complaint under the Jones Act. While such forms do not perhaps furnish an infallible guide, we do not find the objections here advanced persuasive.

One further issue remains to be considered, as presented by both parties on both appeals, namely, the right of appellants to join with their causes of action under the Jones Act, separate causes of action for maintenance and cure. This right "is not a matter of election; the seaman has it in any event, regardless of proof of negligence or of unseaworthiness." 4 Benedict on Admiralty, sec. 612; Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220. The only question is whether it should be recovered in the same, or in separate actions. As to this there is a difference of opinion, as noted by Benedict, op. cit. This authority inclines to the view permitting joinder: "Two proceedings seem needlessly cumbersome. Everything can be accomplished in one proceeding." We think there is good authority for this view. Joinder was permitted in a non-diversity common law action with trial by jury in Nolan v. General Seafoods Corp., 1 Cir., 112 F.2d 515. The question was squarely presented in Lindquist v. Dilkes, 3 Cir., 127 F.2d 21, where the court held that a claim for maintenance and cure which could not have been initiated on the common law side in the federal court, there being neither diversity of citizenship, nor jurisdictional amount, could properly be heard there when joined with an action under the Jones Act. The court cited Civil Procedure Rule 18 in support of its holding that a claim for maintenance and cure could be joined with a tort suit under the Jones Act. While of course the Federal Rules of Civil Procedure do not apply to proceedings in Admiralty, Rule 81, we think that where an action on the common law side has been properly instituted under the Jones Act, a further claim for maintenance and cure may properly be joined under Rule 18 even though such claim might not have been advanced independently in the federal court on the common law side. Cf. Modin v. Matson Nav. Co., 9 Cir., 128 F.2d 194; Rowley v. Sierra S. S. Co., D.C., 48 F.Supp. 193.

We conclude that the orders of the District Court sustaining appellee's motions to dismiss were not warranted by the reasons therein asserted, nor are the orders

dismissing the actions supported by other grounds advanced in this court. The judgments are therefore reversed and the causes remanded for further proceedings.