## LAHDE v. THE THEOGENNITOR.

### No. 7624.

United States District Court
W. D. Washington, S. D.
April 7, 1952.

**JAMES ALGER FEE, Chief Judge.**

■ The Court is of opinion that a suit in rem, brought by a longshoreman on account of alleged personal injuries, cannot be sustained on charges of negligence of officers or crew, but must sound exclusively in allegations of unseaworthiness.[1]

As the Court construes the amended libel, the charge here is not unseaworthiness but negligence.

■ But, if personal service of the owners could be had, a libel alleging negligence and unseaworthiness could be sustained. Since there may be such an attempt in the present libel,[2] the Court should not dismiss the cause until it be ascertained whether service in personam is to be attempted. For, if now dismissed on the merits, the whole cause is adjudicated on all bases whatever. Of course, further amendments would have to be made before such a course could be taken.

The Court therefore overrules the exceptions. The first exception is that the libelant be required to elect between charges of negligence and unseaworthiness. There is no ground for this demand since both can be joined in the same libel.[3] The second exception would require libelant to cut out all the allegations of negligence. But, even if the action were in rem, there is authority that these can be construed as charges of unseaworthiness.[4] This removes the ground of the exception.

But the Court is of opinion that the libel cannot be sustained except as a joint charge in personam and in rem or as a charge in personam exclusively. The presence of

Zabel & Poth, Seattle, Wash., for the libelant.

Summers, Bucey & Howard, Seattle, Wash., for the respondent.

1. Jensen v. Bank Line (The Ayermic) 9 Cir., 26 F.2d 173; The Nyhorn, D.C., 4 F.Supp. 403. See The Mercier, D.C., 5 F.Supp. 511.

2. As indicated in claimant's brief, libelant might have the respondent vessel arrested on a writ of foreign attachment to be held until claimant appears. 2 Benedict on Admiralty, 6th Ed., § 288.
See In re Dominion of Canada (The Cornish Park) 328 U.S. 821, 66 S.Ct. 1347, 90 L.Ed. 1602, 1946 A.M.C. 1317, in which the note indicates that a writ

of foreign attachment based on personal injuries was issued against a sister ship of the one involved in the collision, causing libelant seaman's injuries.

3. An in rem cause of action based on unseaworthiness may be coupled with an in personam cause of action based on negligence. McCarthy v. American Eastern Corporation, 3 Cir., 175 F.2d 724; German v. Carnegie-Illinois Steal Corporation, 3 Cir., 156 F.2d 977.

4. The Henry S. Grove, D.C., 22 F.2d 444.

those claimed to be responsible personally is required.

The Court has not considered whether, since the ship was once seized, the stipulator could be held to produce her in order to compel personal appearance of the owner. No such relief has been asked.

The Court disregards the previous direction that there will not be further amendment allowed, but presently does not make such an order.

Within twenty days after the entry of order herein, libelant will file motions clearly setting out the course which is intended to be pursued. The Court reserves the right to impose terms as a condition precedent to further action.

The claimant shall draw, serve and submit appropriate order.