Oliver DAVIS, t/a Oliver Davis Wholesale Seafood Distributor, Libelant,

v.

U. S. GAS SCREW NOLA DARE, her tackle, apparel, engines, and furniture, Respondent.

No. 208.

United States District Court
E. D. North Carolina,
New Bern Division.

Nov. 16, 1954.

678

Wiley H. Taylor, Jr., Morehead City, N. C., for libelant.

George Rountree, Jr., Wilmington, N. C., for respondent.

GILLIAM, District Judge.

This is a libel in rem against the named vessel in which libelant claims a maritime lien for material and equipment sold and delivered to a former owner, and the libel contains this allegation: "That heretofore Delmar Willis, owner and master, on or about the 15th day of March, 1950, and on various dates thereafter * * * did agree to purchase and libelant agreed to deliver and did deliver certain nets, net leads, fuel, rope and various other items for use on said vessel * * *."

The respondent has excepted to the libel·and ·moves for a dismissal for the reason "that nowhere does there appear an allegation that the necessaries sued for were delivered to the boat or alongside the boat on the wharf where she lay; nowhere is it alleged the articles were put on board the boat which is now owned by Ivey Lewis, who purchased her during the month of June, 1951, without notice of any secret maritime lien."

Section 971, 46 U.S.C.A., dealing with maritime liens for necessaries, reads as follows: "Any person furnishing repairs, supplies * * * or other necessaries, to any vessel * * * upon the order of the owner of such vessel * * shall have a maritime lien on the vessel * * *."

It is my opinion that the allegation in the libel is sufficient, and that the exceptions should be disallowed. If libelant shows upon a hearing that the supplies in question were in fact for the libeled vessel, and, in fact, reached it, and were such as are ordinarily required aboard such a vessel, and thus reasonably necessary to its operation, he is entitled to his lien, provided he also shows that they were furnished upon the order of the owner and master, as he claims. While the allegation might have been more specific, the allegation as worded is sufficient to withstand the exceptions.

Piedmont & George's Creek Coal Company v. Seaboard Fisheries Company, 254 U.S. 1, 41 S.Ct. 1, 65 L.Ed. 97, relied upon by respondent, does not support his position. There, coal was billed and delivered to libelant, title passing upon delivery; it was then stored by the libelant in its factories, and afterwards appropriated by it mainly to its nineteen vessels, but partly to its factories, as occasion arose; and there was no understanding when the contract was made or at times of delivery that any part of it was for any particular vessel or for the vessels then composing the fleet. In this case the allegation is that supplies were delivered "for use on said vessel."

Differing with views of counsel for respondent, I think Jeffrey v. Henderson Bros., 4 Cir., 193 F.2d 589, is in

point for libelant. In that case the supplies were furnished by seller to the owner of the vessel, partly at owner's and partly at seller's place of business, respectively, and were delivered for use on a particular vessel and, in fact, were used on that particular vessel. The lien was allowed. While generally deliveries must be made to the vessel or alongside the wharf where she lies, as observed in the Jeffrey case at page 594: "A supply man may in effect make the owner his agent to complete the furnishing of supplies by putting the goods aboard."

It is true that there is no specific allegation that the supplies were delivered to the owner, that they were actually put on board and used by the vessel, but such are implicit in the allegation as it appears in the libel. At any rate, there appears no sufficient reason to require amendment at this stage of the proceeding.

The exceptions are disallowed and dismissed.

An order will enter.