Vance W. WILLIAMS, Appellant,

v.

TIDE WATER ASSOCIATED OIL COMPANY, a corporation, Appellee.

No. 14677.

United States Court of Appeals
Ninth Circuit.

Nov. 25, 1955.

Certiorari Denied Jan. 30, 1956.
See 76 S.Ct. 348.

Levinson & Friedman, Sam L. Levinson, Edwin J. Friedman, Seattle, Wash., for appellant.

Bogle, Bogle & Gates, Edward S. Franklin, Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

DENMAN, Chief Judge.

Williams appeals from the district court's decision in a diversity case holding that the court lacked jurisdiction to entertain in a civil suit with a trial by jury, a sailor's cause of action against his employing owner of a tanker for her unseaworthiness [1] and one for negligence of his fellow employees [2] each seeking damages for injuries arising from the same facts. The lower court so decided [3] though the courts of appeal of the First, Second, Third and Fifth Circuits hold such jurisdiction exists and no circuit now holds to the contrary. The First, [4] Third [5] and Fifth Circuits [6] permit the trial of both issues in the same case, and the Second Circuit after two decisions to the contrary [7] held that both contentions could be tried together. [8] So also is the practice in the United States District Courts in California, [9] many district courts elsewhere, [10] and in some of the state courts which have considered the question. [11]

1. See The Osceola, 1903, 189 U.S. 158, 175, 23 S.Ct. 483, 47 L.Ed. 760; Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Seas Shipping Co., Inc., v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

2. 46 U.S.C. § 688.

3. Williams v. Tide Water Associated Oil Co., D.C.W.D.Wash.1954, 125 F.Supp. 675. The district judge, though discussing the merits of the contention that two causes of action could be joined in this action, held he was entitled not to consider them. This decision was stated to be based on alleged unanimous holdings in prior cases in his district court that they could not be joined. Cf. 125 F.Supp. 677. In this he ignored the contrary decision of Judge Fee sitting in that court, that they so could be joined. Lahde v. The Theogennitor, D.C.W.D. Wash.1952, 107 F.Supp. 664, relying on the two Third Circuit cases herein considered. Judge Fee is none the less a judge of the district though sitting under a temporary designation. We do not agree that a district judge in such a situation is entitled to escape the burden of considering and deciding his litigants' contentions.

4. Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834.

5. Yates v. Dann, 3 Cir., 1955, 223 F.2d 64; McCarthy v. American Eastern Corp., 3 Cir., 175 F.2d 724, certiorari denied 1949, 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532; 50 Col.L.Rev. 114 (1950); German v. Carnegie-Illinois Steel Corp., 3 Cir., 1946, 156 F.2d 977.

6. Sanford v. Caswell, 5 Cir., 1953, 200 F. 2d 830.

7. McGhee v. United States, 2 Cir., 1947, 165 F.2d 287, 290; Skolar v. Lehigh Valley R. Co., 2 Cir., 1932, 60 F.2d 893, 894.

8. Balado v. Lykes Bros. S. S. Co., 2 Cir., 1950, 179 F.2d 943. See also, Keen v. Overseas Tankship Corp., 2 Cir., 1952, 194 F.2d 515.

9. Henz v. United States, D.C.N.D.Cal. 1949, 9 F.R.D. 291; Thomsen v. The Dorene B, D.C.S.D.Cal.1950, 91 F.Supp. 549. The Thomsen case refused to follow Reed v. The Arkansas, D.C.S.D.Cal. 1950, 88 F.Supp. 993, which was based on the now overruled Second Circuit decisions cited in note 7.

10. Lahde v. The Theogennitor, D.C.W.D. Wash.1952, 107 F.Supp. 664, 665 note 3; Boudoin v. Lykes Bros. S. S. Co., D.C.E.D.La.1953, 112 F.Supp. 177; Haywood v. Jones & Laughlin Steel Corp., D.C.W.D.Pa.1952, 108 F.Supp. 661; McLeod v. Union Barge Line Co., D.C.W.D. Pa.1951, 95 F.Supp. 366; Murphy v. American Barge Line Co., D.C.W.D.Pa. 1950, 93 F.Supp. 653; Stalker v. Southeastern Oil Delaware, Inc., D.C.D.Del. 1951, 103 F.Supp. 436; Erickson v. Shamrock Towing Co., Inc., D.C.S.D. N.Y.1948, 81 F.Supp. 850; Platt v. Chesapeake & Ohio Ry. Co., D.C.N.D. Ohio 1948, 82 F.Supp. 968; Warren v. Weber & Heidenthaler, Inc., D.C.D. Mass., 134 F.Supp. 524, 1955 A.M.C. 1054; Hill v. Atlantic Navigation Co., D.C.E.D.Va., 1954 A.M.C. 2150.

11. See Pearson v. Tide Water Associated Oil Co., Cal.App.1950, 223 P.2d 669, adopting the view taken in Ramsey v. Oreb, 1949 A.M.C. 1860 (Los Angeles County Superior Court) and rejecting that of Vargas v. Pope & Talbot, Inc.,

The district court in holding that both causes of action could not be tried by the jury ordered Williams to elect which issue should be tried. Williams contends that the court erred in so compelling him to elect before trial and that the case should be reversed so that the untried issues of unseaworthiness could be tried by a jury.

■ Since this is a diversity proceeding on the "civil" side of the district court rather than the "admiralty" side, Williams would be entitled to have the question of unseaworthiness tried by jury if the district court erred, as we think it did, in compelling him to elect to bring his action only under the Jones Act for negligence.

■ Regarding this diversity civil suit at common law and not in admiralty, the right to sue for unseaworthiness may be enforced by a common law *remedy* under the "saving to suitors" clause. 28 U.S.C. § 1333. In this case, such a remedy would have been available in the state courts of Washington. See, e. g., Sandanger v. Carlisle Packing Co., 1920, 112 Wash. 480, 192 P. 1005, affirmed sub. nom. Carlisle Packing Co. v. Sandanger, 1922, 259 U.S. 255, 42 S.Ct. 475, 66 L. Ed. 927.

Williams v. Steamship Mutual Underwriting Ass'n, 1954, 45 Wash.2d 209, 273 P.2d 803; Brown v. Intercoastal Fisheries, 1949, 34 Wash.2d 48, 207 P.2d 1205, two of these having jury trials. Because of the diversity of citizenship here the United States District Court had jurisdiction under 28 U.S.C. § 1332. An incident to the diversity jurisdiction based on the common law remedy saved to suitors by section 1333 is the right to jury trial under the Seventh Amendment and Fed.Rules Civ.Proc. 38(a), 28 U.S.C.A. See Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834. Had unseaworthiness been the sole issue in this case the district court would have no power to convert this diversity civil suit into a proceeding in admiralty and deprive Williams of his right to a jury.

Furthermore, since Williams had his right in the State of Washington to trial by jury on the issue of unseaworthiness, if he had initiated his suit there, the steamship company, on diversity of citizenship, could have transferred it to the federal court. Then if the contention of the steamship company were valid, the mere diversity transfer would have deprived Williams of his jury. We cannot believe that by the diversity power such "give it and take it away" result can be effected.

■ The combination of two causes of action for the same injury is allowed under the codes of most states,[12] and the Federal Rules of Civil Procedure provide in Rule 8(e) (2):

"A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. * * *"

1948 A.M.C. 904 (Los Angeles County Superior Court); Williams v. Steamship Mutual Underwriting Ass'n, 1954, 45 Wash.2d 209, 273 P.2d 803, adopting the view taken in Lewis v. Orion Shipping & Trading Co., Inc., 1953 A.M.C. 546 (Superior Court of King County, Wash.) and rejecting that of Boothby v. Washington Toll Bridge Authority, 1954 A.M.C. 479 (Superior Court of King County, Wash.); Borgman v. Sword Line, Inc., Sup.1948, 81 N.Y.S.2d 445.

The United States Supreme Court in Boudoin v. Lykes Bros. S. S. Co., Inc., 1955, 348 U.S. 336, 75 S.Ct. 382, 383, apparently assume that a seaman could "base his claim for recovery both on negligence and on breach of the warranty of seaworthiness." See generally, 5 Stan.L.Rev. 814, 821–22 (1953).

12. See, e. g., Wilkerson v. Seib, 1942, 20 Cal.2d 556, 127 P.2d 904; Lewis v. Miller, 1952, 197 Or. 354, 251 P.2d 876; Jeffs v. Stephenson, 1941, 9 Wash.2d 335, 114 P.2d 987.

The question here is whether Congress intended in enacting the Jones Act, in which the following language is used:

> "Any seaman who shall suffer personal injury in the course of his employment may, *at his election,* maintain an action for damages at law * * *",

to prohibit the seaman from combining in one suit his Jones Act cause of action for negligence and his cause of action under general maritime law for unseaworthiness. In interpreting this legislation for seamen we are governed by decisions of the Supreme Court indicating that legislation affecting them should be liberally construed in their favor. See, e. g., Socony-Vacuum Oil Co. v. Smith, 1938, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265; Warner v. Goltra, 1934, 293 U.S. 155, 156–157, 55 S.Ct. 46, 79 L.Ed. 254; Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 375, 53 S.Ct. 173, 77 L.Ed. 368. The phrase "at his election" could be construed to mean that the election to sue for negligence was an addition to his other remedies under general maritime law. We think, under the rule of liberal construction in the seaman's favor, that this was the congressional intent. Obviously, the seaman can have but a single *recovery* on one or the other contention.

 Williams contends that he should have a new trial on his Jones Act cause of action also. He argues that "in a seaman's case where the negligence of the defendant has been established a verdict by the jury for the defendant cannot stand under the rule of comparative negligence, notwithstanding the seaman's contributory negligence," and "where the presence of oil on the deck could only result from negligence as the violation of a standing order, the court's instruction that the plaintiff must also prove that the defendant had notice with an opportunity to correct the oily condition was prejudicial error." Neither of these contentions has merit. The first assumes that negligence had been proved. Without a showing of knowledge of an oil spill on the part of the tanker's of-

ficers or crew, as required by the court's instruction, there would be no negligence. The crewman who spilled the oil on the deck could have failed to notice it. We cannot say that as a matter of law such failure would constitute negligence.

The judgment is reversed and the district court ordered to entertain Williams' contention that his injuries were caused by the unseaworthiness of the vessel with his right to trial by jury.