**Edmund M. KELLEY, Plaintiff,**

v.

**MIDLAND STEAMSHIP LINE, Inc., a corporation, Defendant.**

**Civ. A. 6919.**

United States District Court
W. D. New York.

Oct. 3, 1956.

S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

William J. Regan, Buffalo, N. Y., Russell V. Bleeker, Cleveland, Ohio, for defendant.

MORGAN, District Judge.

The plaintiff, Edmund M. Kelley, a seaman, was injured while in the service of the SS W. P. Pollock, operated by the defendant. The cause of action arose out of an altercation aboard the SS W.P. Pollock between the plaintiff and the Second Mate, who allegedly assaulted the plaintiff, inflicting serious injuries. The plaintiff brought an action in this court to recover for personal injuries sustained while so employed as a seaman. The complaint is based on two theories (1) the unseaworthiness of the vessel, and (2) the negligence of the defendant.

Defendant now makes a motion requiring the plaintiff to separately state and number his causes of action for unseaworthiness and negligence. Defendant contends that while unseaworthiness and negligence may be pleaded in the same complaint, they must be pleaded as two separate causes of action. This court cannot agree with this contention. "Remedy for negligence founded by the Jones Act [46 U.S.C.A. § 688] is not an alternative to the one afforded by general maritime law; it is a cumulative remedy; and, the seaman is free to plead either or both in the same action." Yates v. Dann, D.C., 11 F.R.D. 386; McCarthy v. American Eastern Corporation, 3 Cir., 175 F.2d 724 certiorari denied 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532; Williams v. Tide Water Associated Oil Company, 9 Cir., 227 F.2d 791 certiorari denied 350 U.S. 960, 76 S.Ct. 348, 100 L.Ed. 834.

Federal Rules of Civil Procedure 8(e), subdivision (1), 28 U.S.C.A. states in

part "No technical forms of pleading * * * are required"; and subdivision (2) states in part "A party may set forth two or more statements of a claim or defense alternately or hypothetically, *either in one count* or defense or in separate counts or defenses". (Underlining supplied.) Under the rule of liberal construction in the seaman's favor, this was the Congressional intent. See Williams v. Tide Water; supra. Of course, the seaman can have but a single recovery.

The motion is denied.