James C. MELLECK, Plaintiff,

v.

OLIVER J. OLSON and CO., Defendant.

Civ. No. 19452.

United States District Court

S. D. California, Central Division.

March 13, 1957.

**482**

Bodle & Fogel, Los Angeles, Cal., for plaintiff.

Herbert R. Lande, San Pedro, Cal., for defendant.

MATHES, District Judge.

This cause having come before the Court for hearing upon defendant's alternative motions filed January 16, 1957, either to dismiss or to transfer to the admiralty docket the second and third claims or causes of action; and the motions having been argued and submitted for decision; and it appearing to the Court that:

(1) this action is brought as an original action "at law" in this Court with "demand for jury trial"; the first cause of action asserted in the complaint is a claim under the Jones Act, 46 U.S.C.A. § 688, by plaintiff, as seaman, against defendant, as shipowner, for damages for personal injuries allegedly sustained by plaintiff as a proximate result of the asserted negligence of defendant; the second cause of action is for like damages allegedly sustained as a proximate result

of a claimed breach of the shipowner's implied warranty of seaworthiness; the third claim is for maintenance;

(2) whether sitting as a court of law, a court of equity, a court of bankruptcy, or a court of admiralty, a district court of the United States is a court of limited—not general—jurisdiction; and has only such power to adjudicate in those fields as the Congress has affirmatively conferred, Shamrock Oil Co. v. Sheets, 1941, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214; Thomas v. Board of Trustees, 1904, 195 U.S. 207, 210–211, 25 S.Ct. 24, 49 L.Ed. 160; Grace v. American Central Ins. Co., 1883, 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932; Robertson v. Cease, 1878, 97 U.S. 646, 648–650, 24 L.Ed. 1057; Turner v. Bank of North America, 1799, 4 Dall. 8, 11, 4 U.S. 8, 11, 1 L.Ed. 718;

(3) the Jones Act, 41 Stat. 1007 (1920), under which the first claim is asserted, provides that the injured seaman "may, at his election, maintain an action for damages *at law*, with the right of trial by jury \* \* \*." 46 U.S.C.A. § 688, emphasis added; and, as pointed out in Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 388–389, 44 S.Ct. 391, 394, 68 L.Ed. 748, the election which the Act provides for a seaman "is between alternatives accorded by the maritime law as modified [by the Act], and not between that law and some nonmaritime system." See Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 134, 138, 49 S.Ct. 75, 73 L.Ed. 220; Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069; Williams v. Tide Water Associated Oil Co., 9 Cir., 1955, 227 F.2d 791, 794, certiorari denied 1956, 350 U.S. 960, 76 S.Ct. 348, 100 L.Ed. 834;

(4) an action under the Jones Act may be brought either on the "law side", O'Donnell v. Great Lakes Dredge & Dock Co., 1943, 318 U.S. 36, 43, 63 S.Ct. 488, 87 L.Ed. 596, or the "admiralty side" of this Court, Brown v. C. D. Mallory Co., 3 Cir., 1941, 122 F.2d 98, 101, or in the State Court, since "jurisdiction of the Federal courts under the Act shall be concurrent with that of the courts of

the several States, and no case arising thereunder when brought in any State court of competent jurisdiction shall be removed to any Federal court." Engel v. Davenport, 1926, 271 U.S. 33, 37–38, 46 S.Ct. 410, 412, 70 L.Ed. 813;

■ (5) the claim for breach of the implied warranty of seaworthiness asserted in the second cause of action at bar, and the claim for maintenance asserted in the third cause of action, both arise under maritime law; and so neither presents a case which "arises under the Constitution, laws or treaties of the United States", within the meaning of 28 U.S.C. § 1331, Paduano v. Yamashita K. K. K., 2 Cir., 1955, 221 F.2d 615, affirming D.C.E.D.N.Y.1954, 120 F.Supp. 304; Mullen v. Fitz Simons, etc., Dock Co., 7 Cir., 191 F.2d 82, certiorari denied 1951, 342 U.S. 888, 72 S.Ct. 173, 96 L.Ed. 666; Id., 7 Cir., 1948, 172 F.2d 601; Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662; Modin v. Matson Nav. Co., 9 Cir., 1942, 128 F.2d 194; contra, Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 839–842;

■ (6) moreover, claims for unseaworthiness, or for maintenance, may not properly be held to fall within the so-called pendent jurisdiction of this Court, see Modin v. Matson Nav. Co., supra, 128 F.2d at page 196; Mullen v. Fitz Simons, etc., Dock Co., supra, 191 F.2d at page 85 semble; Id., supra, 172 F.2d at page 604; contra, Jordine v. Walling, supra, 185 F.2d at pages 669–671; cf: 28 U.S.C. § 1338(b); Markert v. Swift & Co., 2 Cir., 1951, 187 F.2d 104, 107; see also: Hartley Pen Co. v. Lindy Pen Co., D.C.S.D.Cal.1954, 16 F.R.D. 141, 152; Bell v. Hood, D.C.S.D.Cal.1947, 71 F.Supp. 813, 819–820;

■ (7) since claims for unseaworthiness and for maintenance do not arise "under the Constitution, laws or treaties of the United States" within the meaning of 28 U.S.C. § 1331, but do arise under the maritime law and are within the "exclusive" jurisdiction of this Court sitting as a court of admiralty, 28 U.S.C. § 1333, it follows that only in cases where there exists diversity of citizenship and requisite amount in controversy, 28 U.S.C. § 1332,—which together provide the basis for invoking the diversity jurisdiction of this Court in an action at law under the "saving to suitors clause", 28 U.S.C. § 1333(1); Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 409, 411, 419, 74 S. Ct. 202, 98 L.Ed. 143; Caldarola v. Eckert, 1947, 332 U.S. 155, 157, 67 S.Ct. 1569, 91 L.Ed. 1968; Chelentis v. Luckenbach S. S. Co., 1918, 247 U.S. 372, 379, 38 S.Ct. 501, 62 L.Ed. 1171; Williams v. Tide Water Associated Oil Co., supra, 227 F.2d at page 791; Crane v. Pacific S. S. Co., D.C.D.Or.1921, 272 F. 204,—does this Court have jurisdiction to adjudicate a cause of action for unseaworthiness or for maintenance in an action at law. Modin v. Matson Nav. Co., supra, 128 F.2d at page 196; cf. Williams v. Tide Water Associated Oil Co., supra, 227 F.2d at page 793; see also Reynolds v. Royal Mail Lines, D.C.S.D.Cal.1956, 147 F.Supp. 223, 226;

■ (8) whenever a case is removed to this Court upon the ground of diversity of citizenship, 28 U.S.C. § 1332, this Court receives and adjudicates the cause as "in effect, only another court of the State." Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079;

(9) diversity of citizenship is not claimed and does not exist in the case at bar, 28 U.S.C. §§ 1332, 1333(1); cf.: Pope & Talbot, Inc., v. Hawn, supra, 346 U.S. at pages 409, 411, 419, 74 S.Ct. at pages 204, 206, 210; Caldarola v. Eckert, supra, 332 U.S. at page 157, 67 S.Ct. at page 1570; Chelentis v. Luckenbach S. S. Co., supra, 247 U.S. at page 379, 38 S.Ct. at page 502; Williams v. Tide Water Associated Oil Co., supra, 227 F.2d 791; Crane v. Pacific S. S. Co., supra, 272 F. 204; and

(10) accordingly, the second and third causes of action for unseaworthiness and for maintenance should be transferred to the admiralty docket, inasmuch as this Court has no jurisdiction of those claims in this action at law, but will have jurisdiction of them when asserted as a suit in admiralty, Modin v. Matson Nav. Co.,

484

supra, 128 F.2d at page 196; Mullen v. Fitz Simons, etc., Dock Co., supra, 191 F.2d at page 85 semble; cf. Higa v. Transocean Airlines, on rehearing, 9 Cir., 1955, 230 F.2d 780, 786; Kobilkin v. Pillsbury, 9 Cir., 1939, 103 F.2d 667, 670, affirmed 1940, 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983; see also Kunkel v. United States, D.C.S.D.Cal.1956, 140 F. Supp. 591, 594–595;

It is ordered therefore that the motion to dismiss is hereby denied, and the alternative motion to transfer is hereby granted; and the claims asserted in the second and third causes of action of plaintiff's complaint are ordered transferred to the admiralty docket of this Court, there to be filed and given a number without prepayment of fees, in accordance with the provisions of 28 U.S.C. § 1916.

It is further ordered that plaintiff seaman serve and file within ten days an amended complaint in this action at law covering only the claim under the Jones Act, in keeping with the Federal Rules of Civil Procedure, Fed.R.Civ.P. Rule 8, 28 U.S.C., and an appropriate libel in admiralty covering the claims for unseaworthiness and for maintenance, in keeping with the Admiralty Rules, Adm. Rule 22, 28 U.S.C.

It is further ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.

*Summary of Holding:*

■ Where a seaman brings an original action at law in the United States District Court against a shipowner under the Jones Act, 46 U.S.C.A. § 688, for recovery of damages for personal injuries due to alleged negligence, and joins with his Jones Act cause of action a second claim for like damages due to alleged unseaworthiness, and a third cause of action for maintenance, the Federal Court has no jurisdiction of the second and third causes of action otherwise than in admiralty, since the requirements of diversity jurisdiction under 28 U.S.C.A. § 1332 are not present to confer jurisdiction under the "saving to suitors clause",

28 U.S.C.A. § 1333(1); and the causes of action for unseaworthiness and maintenance will be transferred to the admiralty docket of the Court, and there proceed under the Admiralty Rules, inasmuch as the Federal Rules of Civil Procedure are not applicable to suits in admiralty.

The Jones Act case will proceed as an action at law, with right of trial by jury, in accordance with the Federal Rules of Civil Procedure.