Edmond C. FLETCHER, Appellant,

v.

Angelo VAKAS, doing business under the
name of Angelo's of Capitol Hill,
Appellee.

No. 2166.

Municipal Court of Appeals for the
District of Columbia.

Submitted April 21, 1958.

Decided July 25, 1958.

Edmond C. Fletcher, pro se.

William Edison Owen, Washington,
D. C., for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant brought suit for damages alleging he was refused service and ordered out of a restaurant owned and operated by appellee. A motion to dismiss for failure to state a cause of action was granted and no appeal was taken. A few days later, appellant filed a second complaint which appellee alleged in his answer was almost identical with the original complaint. Referring to the original action in his order, the trial judge dismissed the complaint on the ground that the former dismissal barred this action.

Appellant contends principally (1) that no final order was entered in the original action; (2) the dismissal of the first case was not a disposition on the merits so as to bar the second action; and (3) the defense of *res judicata* was not raised by appellee in his answer.

In his first argument, appellant apparently attempts to distinguish the granting of a motion to dismiss and an order of dismissal. We think the distinction is unnecessary. The relief specifically sought in the motion was a dismissal of the complaint. The order in substance stated the motion to dismiss was granted and that no cause of action was stated. It did not provide for leave to amend and was therefore a final order sufficient in character to terminate the litigation between the parties. As to whether a dismissal of this kind constitutes an adjudication on the merits, the rule is stated in 2 Moore's Federal Practice, par. 12.09 (2d ed. 1948), "The motion to dismiss for failure to state a claim raises matter in

bar and, if sustained without leave to plead further, results in a judgment on the merits." [1]

The contention is also urged that appellee has failed to raise the defense of *res judicata* in his answer. The record furnished us by appellant does not include all of the pleadings in this or the prior action. Pursuant to Rule 31,[2] we have examined these records and files and find that this defense was raised by appellee in both the answer and the amended answer as well as in his motion to dismiss. It further appears that both actions were based on the same facts. Accordingly, the issue was properly raised and the order of the trial court is

Affirmed.

1. See also Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 172 F. 2d 601, certiorari denied, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758; 5 Cyclo-

pedia of Federal Procedure, § 15.209 (3d ed. 1951).

2. Rules of the Municipal Court of Appeals.