Steve MOHN, Appellant,

v.

MARLA MARIE, INC., Appellee.

No. 78–2727.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1980.

Decided Aug. 20, 1980.

Rehearing Denied Sept. 19, 1980.

William F. Logan, San Diego, Cal., for appellant.

Walter Klein, Manns, Manns & Lande, Beverly Hills, Cal., for appellee.

Before GOODWIN and FERGUSON, Circuit Judges, and LUCAS,* District Judge.

GOODWIN, Circuit Judge.

The only substantial issue in this personal injury case is whether the failure of the trial judge to give a requested instruction was reversible error.

Steven Mohn was a fisherman whose duties required him to pilot a speedboat used in circling around schools of fish preliminary to a purse seine being winched aboard the "mother ship" from which the speedboat operated. Mohn was injured when his speedboat went out of control and he was thrown into the water.

The action was brought on the usual two theories, Jones Act negligence and unseaworthiness, but the trial judge instructed only on unseaworthiness. The record is equivocal on whether the plaintiff acquiesced in the judge's announced intent to give only the unseaworthiness instruction. However, after being surprised by a defense verdict, the plaintiff, in a motion for a new trial, correctly called to the court's attention his timely request that the jury be instructed on both theories of liability. The trial court denied the motion for a new trial.

Mohn's principal argument on appeal is that the trial court erred in failing to instruct the jury on negligence. Appellee responds that a negligence instruction is unnecessary when the jury has been instructed on unseaworthiness and the claim of an unsafe work place is based solely on the presence of defective equipment.

Injured seamen need not elect between remedies under the Jones Act for negligence and remedies in admiralty for unseaworthiness. *Williams v. Tide Water Assoc. Oil Co.*, 227 F.2d 791, 793–94 (9th Cir. 1955), *cert. denied*, 350 U.S. 960, 76 S.Ct. 348, 100 L.Ed. 834 (1956). In a combined action for negligence and unseaworthiness, the trial judge must give negligence instructions to the jury if the evidence will support the submission of negligence.

Here, Mohn's evidence applied both to the issue of the unseaworthiness of the speedboat and to the issue of the negligence of the employer in not furnishing a safe place to work. There was enough evidence to go to the jury on both unseaworthiness and negligence. Accordingly, the district court's failure to instruct on negligence was error.

We must consider, however, two more questions: (1) whether this error was prejudicial, and, if so, then (2) whether it was "invited error."

The failure to instruct on negligence was prejudicial. After a detailed examination of the record, we are not convinced that a properly instructed jury might not have found that some slight negligence on Marla Marie's part contributed to Mohn's injury. *See Schulz v. Pennsylvania Railroad Co.*, 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668 (1956).

Except for testimony that Mohn had spoken with the ship's captain about problems with the motorboat's engine mount, all evidence of negligence came in as part of the proof of Mohn's claim that the vessel was unseaworthy because it was unsafe. Theoretically, however, the jury could have

---

* The Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

found that the boat was seaworthy, while at the same time finding that Marla Marie had acted unreasonably in failing to respond to Mohn's complaints.[1] An employer's otherwise reasonable conduct may become unreasonable if the employer, after being informed that a condition is potentially dangerous, fails to investigate. This is true even if, absent notice, the condition might otherwise be considered relatively safe. Although the "notice" evidence was weak, its evaluation was for the jury. The trial court erred in withdrawing the question of negligence from the jury's consideration.

Because of the technical presence of prejudice, we must decide whether the refusal to instruct on negligence was an invited error. The colloquy prior to the setting of the instructions reflects confusion regarding the necessity of instruction on negligence. Indeed, plaintiff's counsel nearly conceded that such instruction was not needed.[2] The question is close, but we conclude that the error was not invited.

Reversed and remanded.

1. Marla Marie presented some evidence that Mohn had been contributorily negligent. That, however, would not bar all recovery if the jury found causal negligence by the employer.

2. The transcript of argument on the proposed jury instructions includes the following discussion:

"[Defense Counsel] KLEIN: And the jury instructions that even Mr. Logan [plaintiff's counsel] proposes have the question of unseaworthiness in that very way. Was the boat reasonably fit for its intended purpose; not absolute fit, but reasonably fit. All right?

Now I think that's a question of fact, that the ultimate question to the jury has to decide. And they have to take into account all of the evidence. . . .

THE COURT: Well, I don't want to get into another issue, but this is a good point. If the jury has answered yes—

MR. KLEIN: That that was reasonably fit for its intended purpose—

THE COURT: —where would be be in this lawsuit?

MR. KLEIN: Then they have to determine whether or not the boat owners were then negligent in some other fashion.

THE COURT: Well, this is my question. In what fashion?

MR. LOGAN: In what fashion?

THE COURT: Yes, what other fashion, if this were a reasonably fit, seaworthy boat?

MR. LOGAN: Well, I think the negligence on the part of the skipper to—I have got to think about that for a minute. . . .

THE COURT: Well, I do, too. I'm wondering why we have two issues.

MR. LOGAN: Well, typically, I suppose it's because they are combined. I think it's almost incumbent upon plaintiff's counsel to cover both theories in any Jones Act case, your Honor, unseaworthiness and negligence.

. . .

THE COURT: If a jury would find the answer to question No. 1, was the equipment provided him seaworthy, and the jury said yes, what evidence would there be to support or to suggest the question, was the defendant negligent?

MR. LOGAN: Well, I'm trying to think over and above because it's hard to exclude one from the other.

THE COURT: I'm just wondering, why do we confuse the jury by submitting two issues that mean the same thing?

MR. LOGAN: I suppose it's a matter of tradition more than logic, your Honor. You raise a good point.